**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


STATE FARM MUT. AUTO. INS. CO.,   :
ET AL.,   :
  :
      Plaintiffs,   :   CIVIL ACTION
  :
  v.   :
  :   NO. 15-cv-5929
LEONARD STAVROPOLSKIY, ET AL.,   :
  :
  :
      Defendants.   :


**MEMORANDUM AND ORDER**

Joyner, J.                        February 17, 2016

Before the Court are Defendants' Motion to Dismiss (Doc. No. 3), Plaintiffs' Response in Opposition thereto (Doc. No. 13), Defendants' Reply in Further Support thereof (Doc. No. 14), and Plaintiffs' Sur-reply is Further Opposition thereto (Doc. No. 15). For the reasons below, the Court will grant the Motion, but permit the Plaintiffs to file an amended complaint. An Order follows.

**I. Factual and Procedural Background**[1]

This action is brought by two insurance companies against certain medical providers. Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company

---

[1] Facts for this section are taken from the Complaint.

(hereinafter "State Farm") allege that Defendants Eastern Approach Rehabilitation, LLC ("Eastern Approach"); Aquatic Therapy of Chinatown, Inc. ("Aquatic Therapy"); Leonard Stavropolskiy, P.T., D.C. ("Stavropolskiy"); and Joseph Wang, P.T., D.C. ("Wang") defrauded Plaintiffs by filing false and fraudulent insurance claims. Wang and Stavropolskiy are owners and shareholders of Eastern Approach and Aquatic Therapy. Eastern Approach and Aquatic Therapy provide chiropractic and medical examinations, treatment, testing, and services to patients.

Plaintiffs allege the Defendants colluded together to engage in this alleged scheme. Plaintiffs allege that the Defendants provided treatment that was not uniquely tailored to individual patients nor medically necessary. Plaintiffs also allege that Defendants billed for treatment and services not provided and that they fabricated medical records to exaggerate claims or include findings that were not actually observed. They allege Defendants then submitted these false claims to Plaintiffs in order to receive payments.

Plaintiffs allege that the Defendants deliberately documented patients as having the same symptoms, diagnoses, and treatments, regardless of what actually transpired. To support their claim, Plaintiffs provided several examples of specific patients who were

recorded as receiving treatment they did not receive, or observed as having symptoms not observed. Plaintiffs attached to the Complaint a spreadsheet of 332 different patients with their diagnoses, observations, and an indication of whether or not the records appeared to be cut-and-pasted.

The Plaintiffs filed this action on October 30, 2015. They allege the Defendants committed common law fraud, statutory insurance fraud, and obtained unjust enrichment. In addition to damages and restitution, Plaintiffs seek a declaratory judgment. On December 2, 2015, the Defendants filed their Motion to Dismiss.

## II. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction.

## III. Discussion

### A. Legal Standard

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citation omitted). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. <u>Id.</u> (citation omitted). Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 176 (3d Cir. 2010) (citing <u>Twombly</u>, 550 U.S. at 555). Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

When fraud is alleged, the court applies a heightened standard under Rule 9(b). <u>See</u> <u>Kanter v. Barella</u>, 489 F.3d 170, 175 (3d Cir. 2007). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). At

4

a minimum, plaintiffs should be able to name the "who, what, when, where and how" of the fraud. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1422 (3d Cir. 1997) (internal quotation omitted). Rule 9(b) gives defendants "notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." Id. 1418. Courts have noted, however, that Rule 9(b) should be applied "with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants." Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (abrogation on other grounds recognized by Forbes v. Eagleson, 228 F.3d 471, 483-84 (3d Cir. 2000)).

**B. Fraud**

Plaintiffs allege common law fraud as well as statutory fraud under Pennsylvania law, both of which require the more stringent pleading requirements under Rule 9(b). Defendants argue that State Farm has failed to satisfy the Rule 9(b) pleading standard. For example, they argue State Farm alleges that treatment was not provided in some instances, but does not indicate which of the 332 instances. Essentially, the Defendants allege that State Farm has filed a "boilerplate lawsuit."

5

In support of this view, the Defendants point to <u>State Farm Mut. Auto Ins. Co. v. Ficchi</u>, 2011 U.S. Dist. LEXIS 64027 (E.D. Pa. June 10, 2011). In <u>Ficchi</u>, the defendants were accused of similar behavior: providing treatment that was not medically necessary or documenting treatment that was not provided and then filing fraudulent claims to insurance companies for that treatment. <u>Id.</u> at *4-5. The fraud scheme in <u>Ficchi</u> was more complicated than the alleged scheme here, however, because it also involved attorneys to whom the defendants allegedly sent false reports to support personal injury claims and included an alleged kickback arrangement and fraudulent referrals among doctors. <u>Id.</u> at *5, 6.

The <u>Ficchi</u> court considered the plaintiffs' assertion that pleading was sufficient because they identified 87 examples of fraud and included "the dates the misrepresentations were made, as well the recipients of the misrepresentations for over half of the listed claims." <u>Id.</u> at *22-23. The court noted that the complaint did not list specifically what misrepresentation was at issue in each instance. Instead, the insurance claims were said to be not medically necessary or beneficial, not provided, excessive, and/or not legal. <u>Id.</u> at *23. Additionally, the complaint did not provide detail as to who made the misrepresentations and to whom the misrepresentations were made. <u>Id.</u> at *24-25. The court found that

6

while the complaint contained a "description of the fraud's general design," that alone was not sufficient to meet the 9(b) standard and to overcome a motion to dismiss. Id. at *19-20.

The Ficchi plaintiffs were granted leave to amend the complaint, and the defendants filed a motion to dismiss the amended complaint which the court denied. State Farm Mut. Auto Ins. Co. v. Ficchi, 2012 U.S. Dist. LEXIS 63282 (E.D. Pa. May 4, 2012). In that case, the court found that the plaintiff "added particularity by noting which of the listed fraudulent conduct applied to each particular mailing." Id. at *36. The complaint alleged patient's name, claim number, date records were sent, specific sender of the record, and the recipient of the allegedly fraudulent records. Id. at *37-38. With regard to the Ficchi defendants, the court found that the plaintiffs sufficiently pled that they were involved in a fraudulent standardized and predetermined treatment plan scheme. Id. at *43.

In contrast to the complaints at issue in the Ficchi decisions, Plaintiffs here have attached a chart to the Complaint indicating which diagnoses were made and which symptoms were observed for each of the 332 claimed instances of fraud. The chart indicates whether the claim came from Eastern Approach or Aquatic Therapy, but it does not identify the specific actor making the

7

misrepresentation. Because the scheme alleged here is simpler than the scheme alleged in <u>Ficchi</u>, it is clear that all of the claims were sent to and received by the Plaintiffs. Even so, the Plaintiffs have failed to demonstrate a particular actor who made the allegedly fraudulent allegations. <u>See</u> <u>Kester v. Zimmer Holdings, Inc.,</u> 2010 WL 4103553 (W.D. Pa. Oct. 18, 2010) at *3 (noting that failing to identify a particular person who made alleged misrepresentations fails to meet the pleading standard). Instead it generally refers to "Defendants" issuing bills, invoices, and records that are alleged to be fraudulent. Compl. ¶¶ 26, 28, 30. The Complaint also fails to indicate whether the Defendants submitted these records at all, stating that they were submitted "directly or indirectly." Compl. ¶ 32. While the second <u>Ficchi</u> indicates that pleading a general scheme may be sufficient under Rule 9(b), the Plaintiffs here have failed to plead with required particularity who is committing the alleged fraudulent scheme.

The chart attached to the Complaint indicates whether the records are "cut-and-paste," but it does not specify some of the more general claims made in the body of the Complaint. For instance, the Complaint indicates that the Defendants submitted records of treatment not necessary or not provided but the chart

8

does not clarify which is being accused in which particular instance. Additionally, the last column, for "Cut-and-Paste Records," seems to contradict the allegations in the Complaint. "Cut-and-paste" typically refers to using the same language from claim to claim. Yet the Defendants allege that the language in each claim was changed to evade detection. Compl. ¶ 19. This suggests that the claims employed different language and phrases. It is not clear from the face of the Complaint and the attached chart of what the Defendants are being accused.

In Plaintiffs' response to the Motion to Dismiss, they clarify that the observations, findings, and treatments were copied from visit to visit, but that the language was changed so that this would not be readily apparent. They indicate that Defendants used software to distort the language to avoid detection that the claims were substantially similar. The Plaintiffs do not specify which software or on what basis they claim this. In the Complaint, the Plaintiffs specifically refer to cut and paste language and "phraseology." Compl. ¶ 19. Additionally, Plaintiffs have not indicated which claims were not provided and which were not necessary, nor have they alleged that this is information that is within the control of the Defendants. See <u>Craftmatic Securities Litigation v. Kraftsow</u>, 890 F.2d 628, 645 (3d Cir. 1989)

("[P]leaders must allege that the necessary information lies within defendants' control[.]"). For these reasons, we find that they have not met the Rule 9(b) standard for claims based on fraud.

Plaintiffs also do not plead sufficient facts to show the involvement of Stavropolskiy and Wang. The Complaint alleges that Stavropolskiy and Wang conspired to facilitate the scheme, but it does not allege in which instances or how. Instead, the Plaintiffs offer the legal conclusion that Stavropolskiy and Wang conspired. Compl. ¶ 14. We are not required to defer to any legal conclusions made by the Plaintiff for purposes of this motion. Accordingly, we grant the motion to dismiss the claims against Stavropolskiy and Wang.

We find that the Complaint fails to satisfy the 9(b) pleading requirement for both fraud claims. We grant the motion to dismiss without prejudice, and grant the Plaintiffs' request for leave to amend their Complaint.

## C. Unjust Enrichment and Restitution

Defendants claim that Plaintiffs' counts for unjust enrichment and restitution must also meet the Rule 9(b) pleading standard because they are rooted in fraud. Plaintiffs note that the issue has not been settled and point to Harford Fire Ins. Co. v. Lewis, 2009 U.S. Dist. LEXIS 5178, *4 (E.D. Pa. Jan. 21, 2009), in which

the court applied the Rule 8 pleading standard for an unjust enrichment claim rooted in fraud. We find, as did the court in the first <u>Ficchi</u> case, the reasoning in <u>Virginia Sur. Co. v. Macedo</u>, 2009 U.S. Dist. LEXIS 90603 (D.N.J. Sept. 30, 2009) is more persuasive on this issue. Because the claims for unjust enrichment and restitution are based on fraud, and the Plaintiffs have failed to meet the Rule 9(b) pleading standard for fraud, we grant the motion to dismiss these claims as well, while also granting Plaintiffs' request for leave to amend.

**D. Declaratory Judgment**

The Declaratory Judgment Act allows a court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" when there is "a case of actual controversy." 28 U.S.C. § 2201(a). The Plaintiffs seek a declaration that the unpaid bills submitted by the Defendants are not compensable because they are part of the same alleged fraud scheme.

The Defendants argue that there is no justiciable controversy to allow for a declaratory judgment. Plaintiffs argue that bills submitted prior to the commencement of this action are part of the fraud scheme, and seek a declaration that they do not have to pay the Defendants. They also seek a declaration that they do not have

11

to pay for bills submitted after the cause of action that are part of the same scheme. Compl. ¶ 73.

Both parties point us to a similar case currently before our sister court, <u>State Farm Mut. Auto. Ins. Co. v. Lugiano</u>, No. 2:15-CV-575. In Magistrate Judge Hey's Order denying State Farm leave to amend its complaint to include a claim for declaratory relief, the court found that the claims were either duplicative or not ripe. Id. at Doc. No. 60 at 10-11. We agree with Defendants that there is a difference between the unpaid bills and the other claims at issue in the case. For the unpaid bills, the Defendants do not seek damages or restitution because there is no paid amount to recover. Instead, they seek "a declaration of its right not to pay [the Plaintiffs]." <u>State Farm Mut. Auto. Ins. Co. v. Points Physical Therapy, LLC</u>, 68 F.Supp.3d 744, 756 (E.D. Mich. 2014).

The Plaintiffs argue that the Wilton/Brillhart doctrine does not apply to this case because they seek damages as well as declaratory relief. They point to several Circuits that have held that when damages are also sought, the doctrine does not apply. <u>See, e.g.,</u> <u>New England Ins. Co. v. Barnett</u>, 561 F.3d 392, 395-96 (5th Cir. 2009); <u>United Nat. Ins. Co. v. R&D Latex Corp.</u>, 242 F.3d 1102, 1114 (9th Cir. 2001). Unlike in the <u>Lugiano</u> case, it does not appear that these claims are currently pending before a state court, and

judicial economy points toward including these claims in the substantially similar matter at hand. We do not find it necessary to determine whether or not to apply the Wilton/Brillhart doctrine, because we find that applying the factors of that doctrine finds in favor of the Plaintiffs.

Because the claims under the Declaratory Judgment Act are contingent on the underlying fraud that is insufficiently pled we grant the motion to dismiss. Because we find that the claim for a declaration with regard to bills submitted prior to the commencement of this action is not futile and is ripe, we grant the Plaintiffs' request for leave to amend the claim for declaratory judgment.

**IV. Conclusion**

For the reasons explained above, the Motion to Dismiss is granted. Plaintiffs are granted leave to amend their Complaint in accordance with this memorandum. An Order follows.