```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


STATE FARM MUT. AUTO. INS. CO.,    :
ET AL.,                            :
                                   :
        Plaintiffs,                :     CIVIL ACTION
                                   :
    v.                             :
                                   :     NO. 15-cv-5929
LEONARD STAVROPOLSKIY, ET AL.,     :
                                   :
                                   :
        Defendants.                :
```

### MEMORANDUM AND ORDER

Joyner, J.                                          May 16, 2016

Before the Court are Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 22), Plaintiffs' Response in Opposition thereto (Doc. No. 25), Defendants' Reply in Further Support thereof (Doc. No. 26), and Plaintiffs' Sur-reply is Further Opposition thereto (Doc. No. 27). For the reasons below, the Court will deny the Motion. An Order follows.

**I. Factual and Procedural Background**[1]

This action is brought by Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") against Defendants Eastern

---

[1] Facts for this section are taken from the Amended Complaint.

1

Approach Rehabilitation, LLC ("Eastern Approach"); Aquatic Therapy of Chinatown, Inc. ("Aquatic Therapy"); Leonard Stavropolskiy, P.T., D.C. ("Stavropolskiy"); and Joseph Wang, P.T., D.C. ("Wang"). Eastern Approach and Aquatic Therapy are facilities that provide chiropractic and medical examinations, treatment, testing, and services to persons, including those who have been injured in automobile accidents. Stavropolskiy and Wang are proprietors, owners, officers, employees, agents, and shareholders/members of both. Plaintiffs are corporations with their principal places of business in Illinois. They provide insurance coverage to their customers for medical payments, uninsured and underinsured motorist benefits, and liability for bodily injury arising out of automobile accidents.

Plaintiffs allege the Defendants conspired and continue to conspire to file false and fraudulent insurance claims with State Farm. The scheme involves the following fraudulent conduct: 1) failing to legitimately examine patients, 2) creating records with predetermined findings rather than properly recording what transpired during examinations, and 3) providing the same treatment for nearly every patient, regardless of whether or not it was medically necessary. Amend. Compl. ¶ 3. The fraudulent records are then submitted to State Farm to induce payments. Id. at ¶ 7. State

Farm provided payment for these services, with damages totaling over $850,000. Id. at ¶ 9.

In support of their allegations, Plaintiffs note that the records submitted by the Defendants indicate observations and treatment for a variety of patients, and across multiple visits, that is implausibly similar. See Id. at ¶ 24. In particular, in the initial examination, nearly all patients are reported as having "moderate-to-severe joint dysfunctions, pain, and muscle spasms across multiple regions of the spine" and pelvis. Id. at ¶¶ 29, 47. Records from subsequent visits contain the same findings as in the initial examinations, suggesting they were copied and pasted from the initial examination. Id. at ¶¶ 30, 54, 63. The treatment recorded is not "uniquely tailored" to the individual patient, but instead "predetermined" for a large number of patients. Id. at ¶ 31.

Plaintiffs allege this practice has been ongoing since 2010, and continues today. Id. at ¶ 8. They allege that the Defendants took deliberate steps to "conceal the nature of their activities in order to insulate themselves from liability" by changing the language in the records to make the observations, diagnoses, and treatment appear to vary from patient to patient and visit to visit. Id. at ¶ 77. Defendants used "WritePad" software, which

would "randomize" certain phrases into synonymous ones so as to conceal the similarity in observations, diagnoses, and treatment. Id. at ¶¶ 5, 32, 68-70. The different phrases made it "***appear*** that the reported complaints, findings, and diagnoses were legitimate and individualized" when in fact they were not." Id. at ¶ 70 (emphasis in the original). Plaintiffs maintain that because of the active steps taken by the Defendants to conceal their illegal behavior, Plaintiffs were unable to discover the fraud until recently. See Id. at ¶ 78.

Plaintiffs filed this action on October 30, 2015. On December 2, 2015, the Defendants filed a Motion to Dismiss (Doc. No. 3), and the Court granted that Motion while also granting Plaintiffs leave to amend the complaint (Doc. No. 17). On March 7, 2016, Plaintiffs filed their Amended Complaint (Doc. No. 20). As in their first Complaint, Plaintiffs allege the Defendants committed common law fraud, statutory insurance fraud, and obtained unjust enrichment, and they seek damages, restitution, and a declaratory judgment. Defendants filed the present Motion to Dismiss on March 16, 2016 (Doc. No. 22). Plaintiffs and Defendants filed subsequent pleadings (Doc. Nos. 25-27).

**II. Jurisdiction**

This Court has jurisdiction to hear this matter pursuant to 28

U.S.C. § 1332.

**III. Legal Standard**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Id. (citation omitted). Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555).

**IV. Discussion**

In their Motion to Dismiss, Defendants argue the following: 1)

Plaintiffs have not alleged that any of the medical records submitted were false, 2) Plaintiffs have not shown that they justifiably relied, and 3) the claims are barred by the statute of limitations. We will address each in turn.

**A. Misrepresentation**

Defendants argue that State Farm has failed to allege any misrepresentation in their Amended Complaint. Under both common law fraud and Pennsylvania statutory insurance fraud, a plaintiff must plead that the defendant submitted false or misleading information. See 18 Pa. C.S.A. § 4117(a). Defendants argue that State Farm alleges fraud "based entirely on the use of *synonyms*." Doc. No. 22 at 1 of 17 (emphasis in the original). This appears to be a misunderstanding of Plaintiffs' claim that Defendants used software to change the language in the records to avoid detection. In fact, throughout the Amended Complaint, Plaintiffs allege that Defendants have deliberately created and submitted inaccurate records. See, e.g., Amend. Compl. ¶¶ 29-31, 33, 47, 48, 50, 63, 64. The use of synonyms is only brought up as it relates to a tactic Plaintiffs allege Defendants employ to conceal the similarity of the medical records. These records are similar, they maintain, because they do not reflect what actually transpired with regard to observations and treatment; instead, they were copied from previous patients and

visits. In other words, the records submitted were false. Accordingly, we find that Defendants' argument has no merit, and we deny their motion to dismiss on this ground.[2]

**B. Justifiable Reliance**

Defendants argue that because State Farm claims that the records are false on their face, they cannot also claim they justifiably relied on their accuracy. As Plaintiffs correctly point out, it is not necessary to show reliance, let alone justifiable reliance, when pleading insurance fraud under Pennsylvania statutory law. See State Farm Mut. Auto. Ins. Co. v. Lincow, 715 F.Supp. 2d 617, 633 (E.D. Pa. 2010); 18 Pa.C.S. § 4117(a). Therefore this argument only applies to the common law fraud claim. See Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005) (noting that justifiable reliance is one element of common law fraud under Pennsylvania law). "Courts must consider 'the relationship of the parties involved and the nature of the transaction' when determining whether one party's reliance

---

[2] Defendants argue that they are using WordPad as it is intended, to provide varied language in medical reports, and so, if the Plaintiffs take issue with that they ought to go after the creators of WordPad. The service provided by WordPad, however, does not violate Pennsylvania insurance fraud law. The alleged crime here is submitting records of medical diagnoses and treatment that do not reflect what actually transpired or what is medically necessary. To the extent that Defendants can be shown to have deliberately changed the language in the records in order to avoid detection of fraud, the use of the WordPad software is relevant. It is not, as Defendants suggest, the use of synonyms that is alleged to be a crime.

on the allegedly fraudulent representations of another is justifiable." Tran v. Metropolitan Life Ins. Co., 408 F.3d 130, 135 (3d Cir. 2005) (quoting Rempel v. Nationwide Life Ins. Co., Inc., 370 A.2d 366, 368 (Pa. 1977)).

Again, Defendants are mistaken as to what the Plaintiffs are alleging. The Plaintiffs claim the submissions from the Defendants are not individually implausible, but rather that they are implausible "across the patient population," "across such a wide swath of patients," and "across time and across patients." Amend. Compl. ¶¶ 28, 47, 63. It is clear from the Amended Complaint that it is the pattern of similarity, according to the Plaintiffs, that led them to suspect the individual claims were fraudulent.

Additionally, State Farm alleges that through the use of WordPad, Defendants have attempted to conceal the similarity among claims, making it difficult for State Farm to have recognized the pattern. Defendants do not address this claim, nor the claim that it is only by viewing the submissions collectively that Plaintiffs were able to detect the fraud. Instead, they respond as though Plaintiffs say something else entirely in their Amended Complaint – that each individual record was obviously fraudulent at the time Plaintiffs received it. We find this to be an unreasonable reading of the Amended Complaint. Instead, Plaintiffs allege the individual

records appeared to be legitimate and individualized, and that Defendants took steps to evade detection, making it difficult to recognize the fraud. Whether State Farm's reliance on the submissions by the Defendants was reasonable or justified is a question of fact; this is precisely the kind of inquiry that is best decided by a jury and would be improper for a court to dismiss at this stage. Accordingly, we deny the motion to dismiss on this ground.

**C. Statute of Limitations**

Defendants argue that the claims against them that fall outside of the relevant statute of limitations period must be dismissed. In Pennsylvania, fraud claims are subject to a two-year statute of limitations. 42 Pa.C.S.A. § 5524(7). Unjust enrichment and restitution claims are subject to a four-year statute of limitations. 42 Pa.C.S.A. § 5525(a). If the statute of limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation and citation omitted). A complaint need not "anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." Id. at 248

(citations omitted).

"'The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct.'" Id. at 251 (quoting Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000)). The inquiry "focuses on whether the plaintiff was reasonably diligent in discovering his injury." Id. (quotation omitted). In Schmidt, the Third Circuit noted that while generally a plaintiff bears the burden of showing the discovery rule tolls the statute of limitations, a plaintiff is also not required to plead responses to anticipated affirmative defenses in the complaint. Id. The Third Circuit resolved that tension in finding "that when 'the pleading does not reveal when the limitations period began to run ... the statute of limitations cannot justify a Rule 12 dismissal.'" Id. (alteration in the original) (quoting Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 835 (3d Cir. 2011)).

State Farm does not dispute that some of the allegedly fraudulent records were submitted outside of the statute of limitations period. Instead, they argue that the Amended Complaint does not demonstrate, as a matter of law, whether the discovery

rule applies, and therefore it also does not demonstrate when the statute of limitations period began to run. We agree with State Farm. As we have addressed above, the Plaintiffs claim that they were not aware of the fraud until reviewing a large number of claims revealed the implausible similarities among them. Nothing in the Amended Complaint indicates Plaintiffs had knowledge during the relevant time period. Dismissal on this ground would therefore be improper. Accordingly, we deny Defendants' motion to dismiss on this ground.

**IV. Conclusion**

For the reasons explained above, the Motion to Dismiss is denied. An Order follows.