THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>vs.<br><br>LEONARD STAVROPOLSKIY, P.T., D.C., Et. al. | CIVIL ACTION<br><br>No. 2:15-cv-05929<br><br>JURY TRIAL DEMANDED |
| EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC.<br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et. al. | CIVIL ACTION<br><br>No. 2:16-cv-01374<br><br>JURY TRIAL DEMANDED |

**MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Dr. Leonard Stavropolskiy, Dr. Joseph Wang, Aquatic Therapy of Chinatown, and Eastern Approach Rehabilitation (collectively the "Medical Parties"), by and through their counsel, hereby submit the following Motion and in support thereof aver as follows:

1. State Farm initiated this litigation on October 30, 2015.

2. State Farm alleges "fraud" in the treatment provided by the Medical Parties on the <u>sole basis</u> that their treatment records do not reflect reasonable and necessary care.

3. The Medical Parties separately sued State Farm for its wrongful denial of payments for treatment rendered to State Farm insureds since October 30, 2015. A copy of the Eastern Approach entities' Complaint against State Farm is attached as Exhibit "A." The cases were consolidated by Stipulated Order on August 22, 2016.

4. The Medical Parties allege in their Complaint that:

> Beginning in 1986 and continuing through the present, State Farm has crafted and honed a business strategy of attacking and undermining the credibility of doctors who treat auto accident patients.
>
> As the result of a several year consultation with McKinsey & Company, State Farm developed protocols for using its Special Investigation Units ("SIU") to identify Medicals to be targeted with this strategy.
>
> A targeted Medical or medical practice is deemed a "project" by the Special Investigation Unit of State Farm.
>
> At some point over the past decade, Plaintiffs were identified on the enemies list as a "project".
>
> The name of the project was "Eastern Approach" and the lead MCIU representative assigned was John Costanzo. Another SIU representative named Fred Gerstenfield was also assigned to assist on the project.
>
> The law firm assigned to the project was Goldberg, Miller & Rubin, whose lawyers for the past several years have acted as investigators seeking information to further the project.
>
> One of the goals of a project is to manufacture an excuse to deny any and all payments to a targeted medical provider, as well as intimidate other medical providers throughout the region into providing less care lest they find themselves on State Farm's enemies list.
>
> On or about October 30, 2015, after years of targeting plaintiffs with its project protocols, State Farm began denying all bills submitted by Plaintiffs for treatment of State Farm insureds who had been injured in auto accidents.
>
> See ¶7, 8, 13, 14, 17 & 18 of Ex. "A".

5. On September 1, 2016, the Eastern Approach entities served Interrogatories (Set I) and Requests for Production (Set I) upon State Farm. On October 3, 2016, State Farm responded with objections to every interrogatory and request for production and failed to provide a single substantive response. A copy of the Interrogatories and Responses is attached as Exhibit "B". A copy of the Requests for Production and Responses State is attached as Exhibit "C".

6. The parties have engaged in numerous telephone conferences and exchanged multiple

letters in an attempt to resolve State Farm's objections to these discovery requests. As per the Court's directive in the conference call of February 21, 2017 permitting this motion, the medical parties limit the issues sought to be resolved by this Motion to those which are most critical to the litigation.

I. **Interrogatories Number 1 & 6**

7. Given that State Farm alleges "fraudulent" medical care which has been, according to State Farm, identical since 2003, the statute of limitations is perhaps the most critical issue in the case.

8. Interrogatory number 1 asks: **When did you first begin any investigation of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang?**

9. As the Court can see, State Farm lodges a series of boilerplate objections but ultimately offers a vague response that **"State Farm opened a multi-claim investigation project on or about November 15, 2013. Prior to this date, State Farm had also engaged in investigation of the above referenced defendants. Also see Plaintiffs' response to Interrogatory #7."**[1]

10. State Farm's response is intentionally evasive.

11. The question asks very simply when any investigation started. State Farm's answer is, essentially, sometime before November 15, 2013.

12. The date State Farm began an investigation of the doctors would obviously be the first time they suspected or had reason to suspect the "fraud" they would ultimately allege in a lawsuit filed on October 30, 2015.

---

[1] The response to Interrogatory number 7 refers to a single claim investigation in 2011 which State Farm alleges did not result in a multi-claim investigation project.

13. It is respectfully submitted that a more specific answer is required.

14. State Farm offers a similarly evasive response to Interrogatory Number 5, which asks: **"When and how did you first identify the fraud you allege in your lawsuit against the Eastern Approach Entities?"**

15. State Farm again offers boilerplate objections and then states: **"the determination was made sometime between September 8, 2014 and the date of the filing of the Complaint."**

16. In addition to its vague time frame, State Farm simply refuses to identify in any way **how** it identified the "fraud" it alleges.

17. This information is critical to the statute of limitations. According to State Farm, the doctors have been submitting identically fraudulent records to it since 2003 (the complaint, however, only seeks damages back to January of 2009).

18. The doctors are entitled to know what occurred within State Farm "sometime between September of 2014" and October 30, 2015 which allowed State Farm to discover "fraud" in medical records which were allegedly no different in 2009 than they were in 2014.

19. State Farm cannot avoid the statute of limitations by simply refusing to provide the information as to when it first began investigating the doctors and how it allegedly "discovered" the fraud State Farm alleges.

## II. REQUESTS FOR PRODUCTION

20. State Farm objects to Requests for Production of Documents in virtually every instance on the bases that the request is "vague, ambiguous and unclear" and also that it seeks information which is somehow privileged, confidential, and/or proprietary trade secrets.

21. As the Court will see, the objections as to vagueness, ambiguity and clarity are

disingenuous (at best).

22. Further, State Farm has redacted vast swaths of information in the underlying claim files and its investigation materials on the basis of privileges which simply do not apply.

   A.   **Request for Production Number 3 – NESS Reports**

23. Request Number 3 is as follows: **Please provide copies of any and all reports by SIU Team Managers maintained on the NESS database at any time from 2005 through the present which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project.**

24. State Farm objects that the request is vague, ambiguous, unclear, not relevant, overly broad, unduly burdensome, seeks attorney-client protected, work-product privileged materials which are trade secrets, and are also protected by "other legal privileges and protections."

25. These objections are wholly disingenuous and without merit. The NESS database is a repository in which State Farm maintains reports and other data compilations related to the medical provider projects it conducts.

26. Attached as Exhibit "D" is an email from the State Farm SIU employee who initiated and has led the attack against the doctors in this case since at least 2011 to an assistant claim rep within the department. The email references the formal opening of a "project" against the doctors and specifically asks that the rep "add it to NESS".

27. Additionally, the underlying claim files which have been produced to date are replete with references to "NESS Closing Reports" being submitted to the database.

28. Upon information and belief, the NESS database is used by State Farm to track

information about doctors they wish to target with accusations of "fraud." Any such report relating to or referencing the medical parties which State Farm has now accused of fraud are relevant to establishing what State Farm knew and when it knew it, as well as exposing the true reason why it has targeted the doctors.

29. The medical parties specifically allege that State Farm has manufactured allegations of "fraud" against them as part of a business scheme to use such allegations against doctors in urban areas who submit substantial billing to State Farm as a means of deterring other doctors from billing and/or challenging State Farm's payment decisions.

30. The information maintained in the NESS database is used by State Farm to pick the doctors they will target. The information contained therein would be direct evidence that State Farm's accusations are manufactured and its denials of the doctors' bills are without basis.

### B. Request Number 4 – PFMT Documents

31. Request number 4 is as follows: **Please provide copies of any and all documents maintained at any time in the Potential Fraud Management Tool from 2005 through the present which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project.**

32. State Farm lodges the verbatim objections posed to request number 3 and all are equally disingenuous and without merit.

33. The Potential Fraud Management Tool is a database in which State Farm keeps running reports and data on, amongst other things, medical providers it may wish to target with accusations of fraud.

34. In the underlying claim files produced, the SIU investigators who have led the attack against the doctors in this case repeatedly reference "Potential Fraud Management Closing Report(s)" and "update PFMT."

35. Attached as Exhibit "E" is one such entry made on July 30, 2015 at 8:43 a.m. This is but one of scores of such entries throughout the claim files, almost all of which are entirely redacted.

36. The reports and other information in the PFMT concerning the medical parties is the truth of what State Farm knew, when it knew it, and why it did what it did in this case. This information is directly relevant to establishing that State Farm decided to accuse these doctors of fraud and then went about trying to find, and in many cases manufacture support for the claim.

### C. Request Number 12 – Project Lists

37. Request number 12 is as follows: **Please provide copies of any and all lists, spreadsheets, excel documents, and/or any other documents which identify Projects of the SIU on which Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang have ever appeared.**

38. State Farm once again poses the same boilerplate and disingenuous objections as they do to virtually every request.

39. It has been well established that State Farm has in the past (until the practice was exposed) maintained a running spreadsheet listing all ongoing medical provider projects being pursued by the members of its Concordville SIU department.

40. These lists identify the name of the project and the doctors being targeted, the SIU

representatives leading the project, the law firm being used to investigate the doctors by funneling to it all claims in which the targeted doctors are the treaters, and the claim reps assigned to handle the underlying claims in conjunction with said counsel.

41. There is no question that these lists identified an "Eastern Approach" project, that SIU rep John Costanzo was the lead investigator, that the law firm of Goldberg, Miller & Rubin was assigned to conduct the investigation, and that a claim rep named Fred Gerstenfield was assigned to handle the underlying claims and funnel them to Goldberg, Miller for handling.

42. State Farm's counsel has acknowledged that these lists must be produced but has not done so because State Farm wants to ensure that the lists produced will be protected by the Confidentiality Order in place. The medical parties freely agree that the lists are confidential information under the stipulated Confidentiality Order in place.[2]

43. With this acknowledgement, however, it is important that all such lists or spreadsheets on which the doctor entities in this case have ever appeared be produced in unredacted form.

44. The lists are undated and it is only by comparing the other doctors and clinics on the lists that the doctors in this case will be able to place a time frame on when they truly first appeared as a project.

### D. Request Number 13 – Law Firm Invoices

45. Request number 13 is as follows: **Please provide copies of any and all invoices submitted by the law firms of Goldberg, Miller & Rubin; Bennett, Bricklin & Satlzburg; Dion, Rosenau; and/or Harrington & Associates for work performed in connection with State Farm's Eastern Approach Project and/or any investigation by**

---

[2] By way of background, Judge Hey ordered State Farm to produce these project lists in a previous case on March 29, 2016. A copy of Judge Hey's Order is attached as Exhibit "F".

**State Farm into Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang.**

46. State Farm repeats the same general objections in response.

47. The information sought by this request would tend to establish the actual timeline in which State Farm first targeted the doctors in this case for accusations of fraud.

48. As previously stated and as specifically alleged in the doctor's Complaint, it is part and parcel of State Farm's medical provider strategy once they target a doctor for a project to utilize a specific law firm to "investigate" and drum up support for the accusation State Farm wishes to bring. The law firms identified are those most often used for this purpose.

49. In this case there is no question that the law firm used for its investigation by State Farm was Goldberg, Miller & Rubin. There is strong evidence that the collaboration between State Farm and GMR to target the doctors in this case began as long ago as 2011.

50. In a prior case in which State Farm similarly utilized GMR to target a doctor for an accusation of fraud, Judge Quinones Alejandro overruled GMR's objection to a subpoena for its billing records related to the medical provider project at issue. A copy of Judge Alejandro's Order in that case is attached as Exhibit "G".

51. State Farm is obviously free to redact any information in the invoices of its attorneys which is privileged. But the dates on which these firms were billing State Farm for work related to the "Eastern Approach Project" are directly relevant to establishing the truth about when State Farm first targeted these doctors for accusations of fraud.

### III. MANNER OF PRODUCTION

#### A. Redactions Based On Work Product

**State Farm into Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang.**

46. State Farm repeats the same general objections in response.

47. The information sought by this request would tend to establish the actual timeline in which State Farm first targeted the doctors in this case for accusations of fraud.

48. As previously stated and as specifically alleged in the doctor's Complaint, it is part and parcel of State Farm's medical provider strategy once they target a doctor for a project to utilize a specific law firm to "investigate" and drum up support for the accusation State Farm wishes to bring. The law firms identified are those most often used for this purpose.

49. In this case there is no question that the law firm used for its investigation by State Farm was Goldberg, Miller & Rubin. There is strong evidence that the collaboration between State Farm and GMR to target the doctors in this case began as long ago as 2011.

50. In a prior case in which State Farm similarly utilized GMR to target a doctor for an accusation of fraud, Judge Brody overruled GMR's objection to a subpoena for its billing records related to the medical provider project at issue. A copy of Judge Brody's Order in that case is attached as Exhibit "G".

51. State Farm is obviously free to redact any information in the invoices of its attorneys which is privileged. But the dates on which these firms were billing State Farm for work related to the "Eastern Approach Project" are directly relevant to establishing the truth about when State Farm first targeted these doctors for accusations of fraud.

### III. MANNER OF PRODUCTION

#### A. Redactions Based On Work Product

52. State Farm has redacted massive amounts of information from its document production on claims of work product.

53. The most prevalent redactions are within each underlying claim file in which State farm redacts all of the evaluations by the individual claim handlers of the claims.

54. A prime example is Exhibit "E" and State Farm's redaction of the Potential Fraud Management Closing Report prepared by Fred Gerstenfield.

55. This report was created, as just this one page reflects, in a claim in which State Farm voluntarily settled years after it had first targeted the treating doctors for accusations of fraud. (State Farm paid $4,000.00 to the Eastern Approach patient who had sued their insured).

56. In addition to the $4,000 paid in settlement of that one claim, State Farm also paid Goldberg, Miller several thousand dollars to handle it.

57. State Farm is claiming as damages in this case the $4,000 it paid in settlement of the claim and the monies paid to Goldberg, Miller to handle it. State Farm's damages are all such expenses in every claim ever submitted to it, first or third party, since 2009 in which the doctors in this case were the treaters.

58. State Farm, however, has redacted entirely from each claim file all information concerning how its claim reps evaluated the claims and on what bases they decided to make payments.

59. State Farm is claiming to have been defrauded in each of these claims because it supposedly justifiably relied on the medical records and bills submitted by the doctors they have sued in this case.

60. However, the reality is that the adjusters handling the underlying claims were doing

everything they could to undermine the credibility of the claimants and their injuries and their doctors, and the unredacted entries would demonstrate that State Farm only ever paid a claim when it felt it could not succeed in avoiding it.

61. State Farm cannot claim that it justifiably relied on the records of the doctors in paying claims and at the same time conceal from discovery the evidence of what its adjusters were saying about those records and the reasons for their payments.

62. Looking at the Potential Fraud Management Tool Closing Report which State Farm has redacted throughout its claim files as examples, these reports be said to have been created in anticipation of litigation. As is evident from Exhibit "E", the report is created when a claim is closed.

63. To determine whether a document was "prepared in anticipation of litigation," the appropriate inquiry is "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1258 (3d Cir.1993).

64. The mere possibility of future litigation, however, is not sufficient to meet the "in anticipation of litigation" standard. The work product doctrine clearly precludes the protection of documents created in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for any nonlitigation purpose. George v. Siemens Indus. Automation, Inc., 182 F.R.D. 134, 140–41 (D.N.J. 1998)(internal citations omitted).

65. State Farm has repeatedly maintained that each and every claim is handled individually on its merits and denied that the claims are used as vehicles to manufacture support for a preconceived accusation of fraud against a doctor.

66. Regardless of the credibility of that assertion, State Farm is therefore necessarily averring that any and all information contained in any individual claim file is maintained in the ordinary course of its business of handling claims.

67. Any and all redactions in the claim files therefore based on work product of its claims adjusters are without merit, and it is respectfully requested that State Farm be ordered to produce the claim files without said redactions.

**B.  20,000 TIFF FILES**

68. For the first time in over 15 years of litigating these matters with State Farm, State Farm has chosen to produce its claim files in such dramatically piecemeal fashion as to make meaningful review of the files nearly impossible.

69. In the past, upon being ordered to do so repeatedly by Judges of the Eastern District, State Farm has produced each claim file as one searchable PDF document (each one of which could be hundreds or thousands of pages).

70. In this case, however, State Farm has broken its claim files up into PDFs for just the claim activity logs of each claim, and then separately, more than 20,000 individual TIFF files.

71. The vast majority of these TIFF files are merely one page of a document requiring each file to be manually opened just to figure out what is contained in the overall document.

72. It is respectfully submitted that State Farm should be required to produce each claim file as one searchable PDF as it has in previous cases.

73. For all of the foregoing reasons, it is respectfully requested that the attached Order be entered.

                                      BARATTA, RUSSELL & BARATTA

By: _____APB2_____
      ANDREW P. BARATTA, ESQUIRE
      Attorney for the Medical Entities
      Attorney I.D. #82250
      3500 Reading Way
      Huntingdon Valley, PA  19006
      (215) 914-2222

Date: 2/21/17

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br> vs. <br><br> LEONARD STAVROPOLSKIY, P.T., D.C., Et. al. | CIVIL ACTION <br><br> No. 2:15-cv-05929 <br><br> JURY TRIAL DEMANDED |
| EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et. al. | CIVIL ACTION <br><br> No. 2:16-cv-01374 <br><br> JURY TRIAL DEMANDED |

**CERTIFICATION OF REASONABLE EFFORT TO RESOLVE THIS DISCOVERY DISPUTE PURSUANT TO LOCAL CIVIL RULE 26.1(f)**

The parties have conducted multiple telephone conferences on discovery issues as well as exchanged numerous letters and have been unable to resolve their differences without the Court's intervention.

BARATTA, RUSSELL & BARATTA

By: _____APB2_____
ANDREW P. BARATTA, ESQUIRE
Attorney for the Medical Entities
Attorney I.D. #82250
3500 Reading Way
Huntingdon Valley, PA 19006
(215) 914-2222

Date: 2/21/17