**EXHIBIT "B"**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | CIVIL ACTION |
| vs. | No. 2:15-cv-05929 |
| | JURY TRIAL DEMANDED |
| LEONARD STAVROPOLSKIY, P.T., D.C., JOSEPH WANG, P.T., D.C., EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. | |
| EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. | CIVIL ACTION |
| vs. | No. 2:16-cv-01374 |
| | JURY TRIAL DEMANDED |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CRAIG DALFARA and JOHN COSTANZO | |

**PLAINTIFFS, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S, RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES (SET I)**

## I. GENERAL OBJECTIONS

A. Plaintiffs object to each of Defendants' Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privileges, laws or rules. Any inadvertent production of material that is subject to any privilege or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such material, its subject matter or information contained therein, or of Plaintiffs' right to object to the use of such material during any later proceeding. Plaintiffs also object to each of Defendants' Interrogatories to the extent they seek information that is confidential, proprietary and trade secret.

B. Plaintiffs' responses are made without in any way waiving or intending to waive, but to the contrary, intending to preserve and preserving: (a) all objections concerning the admissibility of any information or documents provided, including objections with respect to the relevance or materiality of such information or

documents, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to the use of any information or documents that may be provided; or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action on any grounds; (c) the right to object on any grounds at any time to further discovery involving or relating to the subject matter of these Interrogatories; and (d) the right at any time to revise, correct, supplement, clarify or amend Plaintiffs' responses to Defendants' Interrogatories.

C. All responses are based on Plaintiffs' best understanding of Defendants' Interrogatories and terms used therein. Such responses cannot properly be used as evidence except in the context in which Plaintiffs understood the Interrogatories and terms used.

D. Plaintiffs object to Defendants' Interrogatories insofar as they seek information in the possession, custody or control of any other party to this action, or information concerning the activities of any other party.

E. To the extent Plaintiffs respond to the Interrogatories, Plaintiffs do not concede that the information requested is relevant to this action. Plaintiffs expressly reserve the right to object to further discovery of the subject matter of any of the Interrogatories and the introduction into evidence of any information provided.

F. Plaintiffs reserve the right to challenge the competency, relevance, materiality and admissibility of the information produced in any subsequent proceedings, or in the trial of this or any other action, and to object on any grounds to the use of the documents produced in any subsequent proceeding or the trial of this or any other action.

G. Plaintiffs incorporate these general objections into their Responses to Defendants' Interrogatories as if fully set forth therein and each such answer is subject to these general objections.

H. Plaintiffs object to the definitions and instructions as overly broad, excessive, burdensome and vague.

## PLAINTIFFS, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S OBJECTIONS AND RESPONSES TO DEFENDANTS' INTERROGATORIES (SET I)

**INTERROGATORY 1:** When did you first begin any investigation of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang?

**RESPONSE TO INTERROGATORY 1:** Objection. Plaintiffs object to Interrogatory #1 as the request is vague, ambiguous, and unclear as the term "investigation" has not been

defined. Furthermore, as regularly used, the term investigation may relate to the investigation of a claim, an aspect of a claim or otherwise.

By way of further answer and to the extent the request is understood, without waiving the above noted objections, State Farm opened a multi-claim investigation project on or about November 15, 2013. Prior to this date, State Farm had also engaged in investigation of the above referenced Defendants. Also see Plaintiffs' Response to Interrogatory #7.

**INTERROGATORY 2:** Please list all of the reasons why you began any investigation of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy and/or Dr. Joseph Wang.

**RESPONSE TO INTERROGATORY 2:** Objection. Plaintiffs object to Interrogatory #2 as the request is vague, ambiguous, and unclear as the term "investigation" has not been defined. Furthermore, as regularly used, the term investigation may relate to the investigation of a claim, an aspect of a claim or otherwise.

By way of further answer and to the extent the request is understood, without waiving the above noted objections, State Farm recommended the opening of a multi-claim investigation project due to concerns of billing for treatment not provided, billing for treatment not medically necessary and treatment rendered in a fashion well below acceptable medical standards of care, producing exaggerated and false reports that misrepresent the nature of injuries, past injury history, and diagnostic test results, intentional over-utilization of physical medicine modalities and rendering treatment in a mechanical fashion without regard to the medical necessity of the prescribed treatment, and treatment carried out in order to enhance and maximize recovery for personal injuries.

**INTERROGATORY 3:** When did you open the Eastern Approach Project?

**RESPONSE TO INTERROGATORY 3:** Objection. Plaintiffs object to Interrogatory #3 as the request is vague, ambiguous, and unclear as the term "Eastern Approach Project" has not been defined.

By way of further answer and to the extent the request is understood, without waiving the above noted objections, see answer to #1.

**INTERROGATORY 4:** Did you conduct any surveillance at any time of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy and/or Dr. Joseph Wang?

**RESPONSE TO INTERROGATORY 4:** Objection. Plaintiffs object to Interrogatory #4 as the request is vague, ambiguous, and unclear as the term "surveillance" has not been defined. Plaintiffs further object, to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably

calculated to lead to the discovery of admissible evidence. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or subject matter limitations and, therefore, it may require Plaintiffs to review every medical payment coverage claim, uninsured motorist claim, underinsured motorist claim, or third party bodily injury claim to determine if surveillance was conducted of a claimant who may have been surveilled at one of the Defendants' facilities.

By way of further answer and to the extent understood as including surveillance primarily directed at the activities of the Defendants, without waiving the above noted objections, Plaintiffs did not conduct surveillance; however, surveillance was conducted by an independent investigation company, De-Tech Investigations.

**INTERROGATORY 5:** When and how did you first identify the fraud you allege in your lawsuit against the Eastern Approach entities?

**RESPONSE TO INTERROGATORY 5:** Objection. Plaintiffs object to the extent that Interrogatory #5 calls for State Farm to make a legal conclusion. Plaintiffs further object, to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object as the interrogatory seeks confidential, proprietary information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections. Plaintiffs also object to the extent the interrogatory seeks the identity and opinions of a consulting expert retained in anticipation of litigation, who may not be called at trial.

By way of further answer, without waiving the above noted objection, the determination was made sometime between September 8, 2014 and the date of the filing of the Complaint.

**INTERROGATORY 6:** Please list all of the reasons you were prevented from identifying the fraud earlier than the date identified in response to interrogatory number 5.

**RESPONSE TO INTERROGATORY 6:** Objection. Plaintiffs object to Interrogatory #6 as the request is vague, ambiguous, and unclear. Plaintiffs also object to the extent that Interrogatory #6 calls for State Farm to make a legal conclusion. Plaintiffs further object to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object as the interrogatory seeks information which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

By way of further answer, without waiving the above noted objections, the Defendants' actions and activities were successful in concealing their fraud and State Farm handles claims individually, on their own merits. Also, see the Amended Complaint paragraphs 5, 32, 66-72, 77, 78.

**INTERROGATORY 7:** Have you ever conducted any investigation of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang which you do not consider to be part of your Eastern Approach project?

**RESPONSE TO INTERROGATORY 7:** Objection. Plaintiffs object to Interrogatory #7 as the request is vague, ambiguous, and unclear as, *inter alia*, the term "Eastern Approach Project" has not been defined. Plaintiffs further object, to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

By way of further answer, without waiving the above noted objections, on or around September 19, 2011, John Costanzo reviewed a claim or claims in which the claimant(s) treated at Eastern Approach/Aquatic Therapy of Chinatown; however, State Farm did not have or open a multi-claim investigation project at that time.

**INTERROGATORY 8:** One of the Initiatives you identified as coming out of the Pennsylvania ACE review was "MPC Injury Damage Investigations: Improve injury damage investigations in MPC claims." Please identify all of the way since this initiative was announced that State Farm has "improved injury damage investigations in MPC" in Pennsylvania.

**RESPONSE TO INTERROGATORY 8:** Objection. Plaintiffs object to Interrogatory #8 as vague, ambiguous, and unclear as the terms "coming out of the Pennsylvania ACE review," "announced," and "all of the ways," have not been defined. Accordingly, it calls for speculation on the part of State Farm as to the information being sought. Plaintiffs further object to this request because it has no nexus to the claims or events at issue in this litigation and thus it seeks information that is neither relevant, nor material to the matters at issue in this litigation. The Advancing Claims Excellence ("ACE") process was designed as a region-specific self-assessment claim review that critically analyzed various aspects of claims handling in that specific region. Each region-specific ACE review was conducted independently from the other regions. The ACE process in Pennsylvania concluded over a decade ago and the claim-handling initiatives that were developed as a result of the Pennsylvania ACE process were obsolete long before the events at issue in this litigation arose. Furthermore, Plaintiffs object to the extent the request seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections. Finally, Plaintiffs object as the interrogatory is overly broad and unduly burdensome in requesting that State Farm identify all ways the company has "improved injury damage investigations in MPC" in Pennsylvania, and also object as the term has not been defined.

**INTERROGATORY 9:** Please identify the date, participants, and subject matter of any collaboration calls held in connection with the Eastern Approach project.

**RESPONSE TO INTERROGATORY 9:** Objection. Plaintiffs object to Interrogatory #9 as the request is vague, ambiguous, and unclear as the term "collaboration calls" has not been defined. Plaintiffs further object to the interrogatory, to the extent that it is

understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

By way of further answer, without waiving the above noted objections, to the extent Defendants are referring to status calls between State Farm employees and legal counsel, the content of the status calls are attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**INTERROGATORY 10:** Has Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy and/or Dr. Joseph Wang ever been included as a provider to be investigated in connection with any other medical provider project ever conducted by State Farm?

   a. If yes, please identify the project.

**RESPONSE TO INTERROGATORY 10: Objection. Plaintiffs object to Interrogatory #10 as vague, ambiguous, and unclear.**

**INTERROGATORY 11:** Please identify each and every State Farm employee, consultant, contractor, attorney, and/or any other person who has participated in the Eastern Approach project. With respect to each person identified, please detail the precise role they played in the project.

**RESPONSE TO INTERROGATORY 11: Objection. Plaintiffs object to Interrogatory #11 as unclear, ambiguous, and vague as the Defendants have not defined "participated" or "Eastern Approach project." Plaintiffs also object to the interrogatory to the extent it seeks the identity of a consulting expert retained for the purpose of the above-captioned litigation, who may not be called at trial. The identity and report of Plaintiffs' expert(s) will be produced in conformity with the Federal Rules of Civil Procedure and the Court's scheduling order and other procedural rules. Furthermore, Plaintiffs object, to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the lead investigators were John Costanzo and Craig Dalfarra.**

**INTERROGATORY 12:** Have you at any time made any referrals to the NICB and/or law enforcement concerning Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy and/or Dr. Joseph Wang.

   a. If yes, please identify when, why, and to whom the referral was made. Attach to your answers any and all documentation of said referrals.

**RESPONSE TO INTERROGATORY 12: Objection. Plaintiffs object to Interrogatory #12 as a report to law enforcement is confidential as the reports are not public records and are not subject to public inspection. *See* 75 Pa.C.S. § 1816.**

**INTERROGATORY 13:** Please identify the complete contents of the Eastern Approach project file.

**RESPONSE TO INTERROGATORY 13:** Objection. Plaintiffs object to Interrogatory #13 as the request is vague, ambiguous, and unclear as Defendants do not define "Project File" or "Eastern Approach Project File". Defendants, through the request, do not seek a document or document type. Rather, Defendants apparently seek all documents in a document repository. Plaintiffs further object to the request, to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or geographic limitations, and seeks confidential, proprietary information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections. Plaintiffs also object to the request to the extent it requires Plaintiffs to respond in a manner not provided for pursuant to the Federal Rules of Civil Procedure.

By way of further answer, subject to and without waiving said objections and to the extent the request is understood, all relevant, non-privileged, non-confidential, and non-protected documents in the State Farm multi-claim investigation project file associated with this investigation of the Defendants will be produced.

State Farm will produce the above noted documents following the completion of the bates stamping process and the execution of a stipulated order of confidentiality as previously produced to Defendants. State Farm is also in the process of preparing a privilege log associated with this production which will be produced upon completion.

**INTERROGATORY 14:** Did State Farm, or anyone employed by State Farm, at any time issue to its SIU personnel a "Top 10" list of medical providers in the Philadelphia region by volume of billing?

   a. If yes, who issued the list, explain why it was issued, identify all recipients of the list, and attach a copy of any and all such lists to your answers.

**RESPONSE TO INTERROGATORY 14:** Objection. Plaintiffs object to Interrogatory #14 as the request is vague, ambiguous, and unclear. Plaintiffs further object to the request, to the extent that it is understood, as seeking information that is not relevant or material to the matters at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Plaintiffs object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or subject matter limitations, and potentially seeks confidential and/or proprietary information inclusive of work product protected documents.

By way of further response, without waiving the above noted objections, and to the extent understood, State Farm, during the relevant time period, did not issue to its SIU personnel in the Philadelphia region a "Top 10" list of medical providers by volume of billing.

*GOLDBERG, MILLER & RUBIN, P.C.*

BY:    /s/
RICHARD M. CASTAGNA, ESQUIRE
MATTHEW MORONEY, ESQUIRE
Attorneys for Plaintiffs,
State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company
121 South Broad St., Suite 1600
Philadelphia, PA 19107

Dated: 10/3/2016

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br> vs. <br><br> LEONARD STAVROPOLSKIY, P.T., D.C., JOSEPH WANG, P.T., D.C., EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. | CIVIL ACTION <br><br> No. 2:15-cv-05929 <br><br> JURY TRIAL DEMANDED |
| EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CRAIG DALFARA and JOHN COSTANZO | CIVIL ACTION <br><br> No. 2:16-cv-01374 <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, RICHARD M. CASTAGNA, counsel for Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, hereby certify that I have served a true and correct copy of the attached Objections and Responses to Defendants' Interrogatories (Set I) via regular mail.

*GOLDBERG, MILLER & RUBIN, P.C.*

BY: ___/s/___
RICHARD M. CASTAGNA, ESQUIRE
MATTHEW MORONEY, ESQUIRE
Attorneys for Plaintiffs,
State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company
121 South Broad St., Suite 1600
Philadelphia, PA 19107

Dated: 10/3/2016