**EXHIBIT "C"**

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br> vs. <br><br> LEONARD STAVROPOLSKIY, P.T., D.C., JOSEPH WANG, P.T., D.C., EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. | CIVIL ACTION <br><br> No. 2:15-cv-05929 <br><br> JURY TRIAL DEMANDED |
| EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CRAIG DALFARA and JOHN COSTANZO | CIVIL ACTION <br><br> No. 2:16-cv-01374 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I)

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, by and through their attorneys, Goldberg, Miller & Rubin, P.C., hereby provide the following objections and responses to Defendants' Request for the Production of Documents (Set I).

### I. GENERAL OBJECTIONS

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company make the following general objections to Defendants' Request for Production of Documents (Set I) and incorporates these objections into each response as if set forth in full:

A.  Plaintiffs object to each of Defendants' Request for Production of Documents to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privileges, laws or rules. Any inadvertent production of material that is subject to any privilege or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such material, its subject matter or information contained therein, or of Plaintiffs' right to object to the use of such material during any later proceeding. Plaintiffs also object to each of Defendants' Request for Production of Documents to the extent they seek documents that are confidential, proprietary and trade secret.

B.  Plaintiffs' responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving: (a) all objections concerning the admissibility of any information or documents provided, including objections with respect to the relevance or materiality of such information or documents, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to the use of any information or documents that may be provided; or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action on any grounds; (c) the right to object on any grounds at any time to further discovery involving or relating to the subject matter of these Requests for Production of Documents; and (d) the right at any time to revise, correct, supplement, clarify or amend Plaintiffs' responses to Defendants' Requests for Production of Documents.

C.  All responses are based on Plaintiffs' best understanding of Defendants' Request for Production of Documents and terms used therein. Such responses cannot properly be used as evidence except in the context in which Plaintiffs understood the Requests for Production of Documents and terms used.

D.  Plaintiffs object to Defendants' Request for Production of Documents insofar as they seek information in the possession, custody or control of any other party to this action, or information concerning the activities of any other party.

E.  Plaintiffs object to Defendants' Request for Production of Documents to the extent they seek information outside Plaintiffs' possession, custody or control.

F.  Plaintiffs object to Defendants' Request for Production of Documents to the extent they seek information already in Defendants' possession, custody or control.

G.  Plaintiffs object to Defendants' Request for Production of Documents to the extent that they seek information that is irrelevant and beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure.

H.  Plaintiffs object to Defendants' Request for Production of Documents to the extent that they are overbroad and unduly burdensome.

I. Plaintiffs object to Defendants' Request for Production of Documents to the extent that they include instructions that are inconsistent with the Federal Rules of Civil Procedure. Furthermore, Plaintiffs object to the definitions to the extent that they cause the Requests for Production of Documents to be vague, ambiguous and/or unclear.

J. Plaintiffs object to the production of information that is a matter of public record, and, therefore, as easily accessible to Defendants.

K. Plaintiffs object to the production of information that is of the personal privacy rights of individuals not a party to this litigation.

L. To the extent Plaintiffs respond to Defendants' Request for Production of Documents, Plaintiffs do not concede that the information requested is relevant to this action. Plaintiffs expressly reserve the right to object to further discovery of the subject matter of any of the Request for Production of Documents and the introduction into evidence of any information provided.

M. Plaintiffs reserve the right to challenge the competency, relevance, materiality and admissibility of the information produced in any subsequent proceedings, or in the trial of this or any other action, and to object on any grounds to the use of the documents produced in any subsequent proceeding or the trial of this or any other action.

N. Plaintiffs incorporate these general objections into its responses to Defendants' Request for Production of Documents as if fully set forth therein and each such answer is subject to these general objections.

## II.   OBJECTIONS AND RESPONSES

**Request 1:** Please provide any and all State Farm SIU Management Reports, memos, spreadsheets, directives, and/or any other documents identifying goals, quotas, and/or long-range plans for State Farm's Special Investigation Units from 2005 through the present.

**RESPONSE TO REQUEST #1: Objection. Plaintiffs object to Request #1 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no geographic limitations, contains no limitations as to content, seeks information for periods well outside the relevant timeframe of the above-captioned litigation, and seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.**

**Request 2:** Please provide copies of all SIU Management Reports maintained on the SharePoint Site for the Northeast Zone (NEZ) for the years 2005 through the present.

**RESPONSE TO REQUEST #2:** Objection. Plaintiffs object to Request #2 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no geographic limitations, contains no limitations as to content, seeks information for periods well outside the relevant timeframe of the above-captioned litigation, and seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 3:** Please provide copies of any and all reports by SIU Team Managers maintained on the NESS database at any time from 2005 through the present which reference or relate Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project.

**RESPONSE TO REQUEST #3:** Objection. Plaintiffs object to Request #3 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no geographic limitations, seeks information for periods well outside the relevant timeframe of the above-captioned litigation, and seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 4:** Please provide copies of any and all documents maintained at any time in the Potential Fraud Management Tool from 2005 through the present which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project.

**RESPONSE TO REQUEST #4:** Objection. Plaintiffs object to Request #4 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no geographic limitations, seeks information for periods well outside the relevant timeframe of the above-captioned litigation, and seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 5:** Please provide copies of any and all materials which have ever been maintained in State Farm's Eastern Approach Project File.

**RESPONSE TO REQUEST #5:** Objection. Plaintiffs object to Request #5 as the request is vague, ambiguous, and unclear as Defendants do not define "Project File" or "Eastern

Approach Project File". Defendants, through the request, do not seek a document or document type. Rather, Defendants apparently seek all documents in a document repository as well as documents outside of the repository. Plaintiffs further object to the request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Moreover, Plaintiffs object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or geographic limitations, seeks documents that were previously maintained in this repository, but no longer are maintained in this repository, and seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections. Plaintiffs also object to the request to the extent it requires Plaintiffs to respond in a manner not provided for pursuant to the Federal Rules of Civil Procedure.

By way of further answer, subject to and without waiving said objections and to the extent the request is understood, all relevant, non-privileged, non-confidential, and non-protected documents in the State Farm multi-claim investigation project file associated with the investigation leading to this litigation will be produced.

State Farm will produce the above noted documents following the completion of the bates stamping process. State Farm is also in the process of preparing a privilege log associated with this production which will be produced upon completion.

**Request 6:** Please provide copies of any and all spreadsheets, memos, documents, and/or other information in the SIU Dashboard which has or does reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project.

**RESPONSE TO REQUEST #6:** Objection. Plaintiffs object to Request #6 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or geographic limitations, and seeks confidential, proprietary, and/or trade secret information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 7:** Please provide copies of any and all NICB Alerts State Farm has ever received which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, Dr. Joseph Wang and/or State Farm's Eastern Approach Project.

**RESPONSE TO REQUEST #7** Objection. Plaintiffs object to Request #7 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal limitations, and seeks confidential and/or proprietary information.

To the extent the Defendants define an "NICB Alert" to include National Insurance Crime Bureau's Forewarn Alerts or Medaware Alerts, State Farm is unable to identify, with certainty, whether a Forewarn Alert or Medaware Alert was ever received which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, or Dr. Joseph Wang. State Farm identified the existence of AMD-2011-121; however, this document cannot be confirmed as a document actually received by a State Farm employee at this time.

**Upon authorization from the NICB, the document will be disclosed to Defendants.**

**Request 8:** Please provide copies of any and all documents, including emails, memos, reports, background checks, internet searches, and/or any other materials which relate to any investigation ever conducted by State Farm SIU personnel into Dr. Leonard Stavropolskiy and/or any facility by which Dr. Stavropolskiy was employed.

**RESPONSE TO REQUEST #8:** Objection. Plaintiffs object to Request #8 as the request is vague, ambiguous, and unclear. Plaintiffs further object to the request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or geographic limitations, and seeks confidential, proprietary information, and trade secret inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

By way of further answer, without waiving the above noted objections, all relevant responsive, non-privileged, non-confidential, and non-protected documents in the State Farm multi-claim investigation project file associated with the investigation leading to this litigation will be produced.

**Request 9:** Please provide copies of any and all documents, including emails, memos, reports, background checks, internet searches, and/or any other materials which relate to any investigation ever conducted by State Farm SIU personnel into Dr. Joseph Wang and/or any facility by which Dr. Joseph Wang was employed.

**RESPONSE TO REQUEST #9:** Objection. Plaintiffs object to Request #9 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or geographic limitations, and seeks confidential, proprietary information, and trade secret inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

By way of further answer, without waiving the above noted objections, all relevant responsive, non-privileged, non-confidential, and non-protected documents in the State

Farm multi-claim investigation project file associated with the investigation leading to this litigation will be produced.

**Request 10:** All information in State Farm's Potential Fraud Management Tool which references relates to the Eastern Approach Project, Eastern Approach Rehab Center, Aquatic Therapy of Chinatown, Dr. Stavropolskiy, Dr. Wang, and/or any of the claims which State Farm alleges to be at issue in this case.

**RESPONSE TO REQUEST #10:** Objection. Plaintiffs object to Request #10 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no geographic limitations, seeks information for periods well outside the relevant timeframe of the above-captioned litigation, and seeks confidential, proprietary information, and trade secret inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 11:** Please provide any and all surveillance videos, reports of surveillance, and/or any and all documentation relating to any surveillance which has ever been conducted by you of Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang.

**RESPONSE TO REQUEST #11:** Objection. Plaintiffs object to Request #11 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal limitations and is not limited to surveillance directed to the Defendants. Finally, Plaintiffs object to the request as premature.

By way of further answer, without waiving the above noted objections, surveillance was conducted by an independent investigator of the Defendants. This surveillance has been identified to defense counsel and will be made available for review, inspection, and copying after the Defendants have been deposed.

**Request 12:** Please provide copies of any and all lists, spreadsheets, excel documents, and/or any other documents which identify Projects of the SIU on which Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang have ever appeared.

**RESPONSE TO REQUEST #12:** Objection. Plaintiffs object to Request #12 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal or subject matter limitations

except that the documents identify Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang. Plaintiffs also object to the request as it seeks confidential, proprietary information, and trade secret inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 13:** Please provide copies of any and all invoices submitted by the law firms of Goldberg, Miller & Rubin; Bennett, Bricklin & Saltzburg; Dion, Rosenau; and/or Harrington & Associates for work performed in connection with State Farm's Eastern Approach Project and/or any investigation by State Farm into Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang.

**RESPONSE TO REQUEST #13:** Objection. Plaintiffs object to Request #13 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal limitations. Plaintiffs also object to the request as it seeks confidential, proprietary information inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 14:** Please provide copies of any "TIN runs" created by you in the course of your Eastern Approach Project.

**RESPONSE TO REQUEST #14:** Objection. Plaintiffs object to Request #14 as the request is vague, ambiguous, and unclear due to the fact that the term "TIN runs" has not been defined. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal limitations. Plaintiffs also object to the request as it seeks confidential, proprietary information, and trade secret inclusive of that which is work product protected and/or protected by other legal privileges and protections.

By way of further answer, without waiving the above noted objections, to the extent the Defendants are seeking documents summarizing the amount of payments made to the Defendants based on the Defendants tax identification number and to the extent the documents were not prepared at the request of retained counsel, the documents will be produced following the completion of the entry of a protective order and bates stamping process.

**Request 15:** Please provide copies of any and all "TIN blocks" issued by your which reference or relate to Eastern Approach Rehabilitation, Aquatic Therapy of Chinatown, Dr. Leonard Stavropolskiy, and/or Dr. Joseph Wang.

**RESPONSE TO REQUEST #15:** Objection. Plaintiffs object to Request #15 as the request is vague, ambiguous, and unclear due to the fact that the term "TIN blocks" has not been

defined. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal limitations.

**Request 16:** Please provide copies of any and all memos, emails and/or any other documents assigning the handling of any individual claim which State Farm alleges to be at issue to a particular claim representative.

**RESPONSE TO REQUEST #16:** Objection. Plaintiffs object to Request #16 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no temporal, geographic or subject matter limitations.

By way of further response, without waiving the above noted objections, State Farm is in the process of reviewing and producing the portions of the claims materials that are not attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

**Request 17:** Please provide copies of any and all statements taken by you in connection with your Eastern Approach Project.

**RESPONSE TO REQUEST #17:** Objection. Plaintiffs object to Request #17 as the request is vague, ambiguous, and unclear. By way of further answer, without waiving the above noted objections and to the extent the request is understood, none.

**Request 18:** Please provide the complete claim file associated with any claims alleged to be at issue in this case by State Farm. Please produce said files in the same electronic and searchable format said records are maintained by State Farm.

**RESPONSE TO REQUEST #18:** Objection. Plaintiffs object to Request #18 as the term "claim file" is vague, ambiguous and overbroad to the extent it assumes a physical file exists. State Farm does not maintain a physical file folder with respect to each claim. Electronic information regarding the claim is stored in the Enterprise Claim System ('ECS"), a web based system that State Farm associates use during the claim handling process. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, nor material to the matters at issue in this litigation. Plaintiffs object to the request as it seeks confidential, proprietary information, and trade secret inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

By way of further response, without waiving the above noted objections, State Farm is in the process of reviewing and producing the claims materials for the claims at issue in this

matter and will produce those documents that are not protected under the attorney-client privileged, work product or other legal privileges and protections.

**Request 19:** Please provide copies of all reports of any person you expect to call or may call as an expert witness at trial of this action.

**RESPONSE TO REQUEST #19:** Objection. Plaintiffs object to Request for Production of Documents #19 as premature. Moreover, Plaintiffs object to the request to the extent it seeks the identity and/or report of a consulting expert retained for the purpose of the above-captioned litigation, who may not be called at trial. The identity and report of Plaintiffs' expert(s) will be produced in conformity with the Federal Rules of Civil Procedure and the Court's scheduling order and other procedural rules.

**Request 20:** Please provide copies of all Curricula Vitae of any person you expect to call or may call as an expert witness at trial of this action.

**RESPONSE TO REQUEST #20:** Objection. Plaintiffs object to Request for Production of Documents #20 as premature. Moreover, Plaintiffs object to the request to the extent it seeks the identity and/or report of a consulting expert retained for the purpose of the above-captioned litigation, who may not be called at trial. The identity and report of Plaintiffs' expert(s) will be produced in conformity with the Federal Rules of Civil Procedure and the Court's scheduling order and other procedural rules.

**Request 21:** Please provide copies of any and all memos, emails, reports, lists, and/or any other documents issued by State Farm to its SIU personnel since the year 2000 in which the "Top 10" medical providers by billing volume in the Philadelphia region were identified.

**RESPONSE TO REQUEST #21:** Objection. Plaintiffs object to Request #21 as the request is vague, ambiguous, and unclear. Plaintiffs further object as to request, to the extent that it is understood, as seeking information that is not relevant, or material to the matters at issue in this litigation. Plaintiffs also object to the request as overly broad in scope and unduly burdensome as the request contains no geographic or subject matter limitations, seeks information for periods well outside the relevant timeframe of the above-captioned litigation, and seeks confidential, proprietary information, and trade secret inclusive of that which is attorney-client privileged, work product protected and/or protected by other legal privileges and protections.

*GOLDBERG, MILLER & RUBIN, P.C.*

BY: \_\_\_\_\_/s/_____
RICHARD M. CASTAGNA, ESQUIRE
MATTHEW MORONEY, ESQUIRE
Attorneys for Plaintiffs,

Dated: 10/3/2016

State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company
121 South Broad St., Suite 1600
Philadelphia, PA 19107

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY <br><br> vs. <br><br> LEONARD STAVROPOLSKIY, P.T., D.C., JOSEPH WANG, P.T., D.C., EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. | CIVIL ACTION <br><br> No. 2:15-cv-05929 <br><br> JURY TRIAL DEMANDED |
| EASTERN APPROACH REHABILITATION, LLC and AQUATIC THERAPY OF CHINATOWN, INC. <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CRAIG DALFARA and JOHN COSTANZO | CIVIL ACTION <br><br> No. 2:16-cv-01374 <br><br> JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, RICHARD M. CASTAGNA, counsel for Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, hereby certify that I have served a true and correct copy of the attached Objections and Responses to Defendants' Requests for the Production of Documents (Set I) via regular mail.

*GOLDBERG, MILLER & RUBIN, P.C.*

BY: ___/s/___
RICHARD M. CASTAGNA, ESQUIRE
MATTHEW MORONEY, ESQUIRE
Attorneys for Plaintiffs,
State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company
121 South Broad St., Suite 1600
Philadelphia, PA 19107

Dated: 10/3/2016