# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**STATE FARM MUTUAL AUTOMOBILE** :
**INSURANCE COMPANY**
**And** :
**STATE FARM FIRE & CASUALTY**
**COMPANY**
  :       **CIVIL ACTION**
**v.**         **NO. 2:15-cv-05929-JCJ**
  :
**LEONARD STAVROPOLSKIY, P.T., D.C**
**JOSEPH WANG, P.T., D.C., EASTERN** :
**APPROACH REHABILITATION, LLC, and**
**AQUATIC THERAPY OF CHINATOWN, INC.** :
_____


**EASTERN APPROACH REHABILITATION,** :     **CIVIL ACTION**
**LLC and AQUATIC THERAPY OF** :
**CHINATOWN, INC.** :     **No. 2:16-cv-01374**
      **vs.** :
  :
**STATE FARM MUTUAL AUTOMOBILE** :
**INSURANCE COMPANY, et. al.** :
_____

## RESPONSE OF THE MEDICAL PARTY PLAINTIFFS TO STATE FARM'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Dr. Leonard Stavropolskiy, Dr. Joseph Wang, Aquatic Therapy of Chinatown, and

Eastern Approach Rehabilitation (collectively the "Medical Party Plaintiffs"), by and through

their counsel, hereby submit the following Response to State Farm's Motion for Partial Summary

Judgment, and in support thereof aver as follows:

**I. STATE FARM DECIDED IN ADVANCE TO DENY ALL BILLS OF THE MEDICAL PARTY PLAINTIFFS REGARDLESS OF THE TREATMENT PROVIDED OR INJURIES SUFFERED BY STATE FARM'S INSUREDS**

1-30.   Denied. The Complaint of the Medical Parties is attached as Exhibit "A". Therein it is

alleged that on or about October 30, 2015, State Farm began denying all bills submitted to it by

the Medical Parties without "without consideration of the treatment actually rendered or the injuries suffered" by its insureds.  Ex. "A", ¶18.

It is further alleged that "Since October 30, 2015, State Farm has not even reviewed the treatment records of patients treated by Plaintiffs which support the bills submitted by Plaintiffs" and that "State Farm simply decided after October 30, 2015 to deny all of Plaintiffs' bills, regardless of the treatment rendered and regardless of the injury suffered by the patients."  Ex. "A", ¶30-31.

State Farm's corporate designee has admitted these allegations are true.

1. **State Farm's Corporate Designee Admitted that State Farm Has Denied All Bills of the Medical Parties Without Regard to the Care Actually Rendered or Injuries Suffered**

State Farm's Corporate Designee was deposed on June 2, 2017.  A copy of the Deposition of John Costanzo is attached as Exhibit "B".  Mr. Costanzo was presented to testify on behalf of State Farm on, *inter alia*, "All of the reasons in each claim State Farm has denied payment to the Eastern Approach Entities since October 30, 2015."  See Amended Notice of Deposition to State Farm, attached as Exhibit "C".

Mr. Costanzo's testimony regarding this specific topic is contained on pages 170-192, which pages are separately appended as Exhibit "D".  As is evident, Mr. Costanzo testified that upon filing its lawsuit on October 30, 2015, State Farm issued within its computer system a complete block of the Tax Identification Numbers associated with the Medical Parties, which computer block had the effect of preventing any State Farm adjuster from issuing payments of any kind to the Medical Parties.

Mr. Costanzo testified that once the "TIN Block" was in place as of October 30, 2015, all bills received from the Medical Parties were routed to himself or two other State Farm SIU

operatives, Craig Dalfarra and Lisa Stockburger. Mr. Costanzo admitted that every single bill submitted by the Medical Parties, which are the bills at issue in the Complaint of the Medical Parties, have been denied by these three individuals at the direction of State Farm.

Critically, Mr. Costanzo admitted that every bill of the Medical Parties which has been denied has been denied upon one singular basis: the mere existence of the lawsuit State Farm filed against the Medical Parties. Mr. Costanzo testified that the bills were denied if it looked "similar" to records the Medical Parties had previously submitted. Ex. "D", pg. 176-177.

In short, State Farm admits that it has denied the bills of the Medical Parties solely upon a self-serving conclusion that the bills exhibited the "pattern and practices" which State Farm claims to constitute fraud in its lawsuit filed on October 30, 2015:

> Q. So, what you're saying is she didn't
> have permission, no one had permission to deny
> the claims based on the existence of the
> pattern until after State Farm decided to file
> its lawsuit?
>
> **A. A determination in this case hadn't
> been made that there was fraudulent activity.
> Until that point claims were handled
> individually.**

Ex. "D", pg. 192.

Mr. Costanzo admitted that once the TIN Block was issued, bills were no longer handled "individually" and that none of the bills which have been denied by State Farm were denied based on any evaluation of the reasonableness and necessity of the treatment provided. In fact, State Farm takes the position (through Mr. Costanzo's testimony), that it is "impossible" for State Farm to even tell whether the treatment in any claim was reasonable and necessary. Ex. "B", pg. 163.

Mr. Costanzo's testimony establishes that State Farm made the decision to deny all payments to the Medical Parties without any individual consideration of whether the treatment being provided to State Farm insureds as the result of auto accidents was reasonable and necessary. Just as the Medical Parties allege, State Farm simply in advance decided that it was not going to pay *any* bills of the Medical Parties until the lawsuit State Farm filed on October 30, 2015 was decided.

State Farm's own letters announcing its denials demonstrate its intent. Attached as Exhibit "E" is just one example, wherein State Farm stated: "The bills submitted by Aquatic Therapy of Chinatown **will be processed following the conclusion of civil litigation** between State Farm and Aquatic Therapy of Chinatown." (Emphasis added).

## 2. **State Farm Denied Payments Based On A Gamble That It Will Win Its Case**

It is undisputed that State Farm has simply denied all bills submitted by the Medical Party Plaintiffs since October 30, 2015 and done so solely on the basis of the existence of its "fraud" lawsuit. Simply put, State Farm decided to gamble that it would eventually prevail in its Declaratory Judgment action seeking the Court's permission to deny the bills. If State Farm fails to meet its burden of proof and loses, it will, by definition, have acted wantonly.

Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §1797, sets forth specific requirements for the submission of medical bills to insurers by medical providers and also sets forth specific requirements for the insurer in its processing of those bills. 75 Pa.C.S. §1712 requires insurance companies to provide coverage for "reasonable and necessary medical treatment".

The MVFRL provides a specific mechanism for insurers who wish to challenge the reasonableness or necessity of treatment rendered by a medical provider. This mechanism is the peer review process. Id.

In a peer review performed under the MVFRL, the peer reviewer is a like-licensed medical provider who can obtain any and all records of treatment and review them to "determine the reasonableness and necessity of care, the appropriateness of the setting where the care is rendered, and the appropriateness of the delivery of the care." See Pa.Code Chapter 69, §69.52.

The MVFRL "recognizes two options for insurers that question a provider's claim for benefits: (1) the insurer can submit the claim to peer review, and the peer review organization will analyze the reasonableness and necessity of the provider's care, § 1797(b)(1)-(3), (5), (7); or (2) the insurer can refuse to pay the provider, and in so doing, possibly subject itself to a provider's civil action that challenges the insurer's refusal to pay the provider's claim, § 1797(b)(4), (6). Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co., 2009 U.S. Dist. LEXIS 46996, 18-20 (E.D. Pa. June 3, 2009).

75 Pa.C.S. § 1797(b)(4), titled "Appeal to court", provides:

**A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.**

"An insurer who makes a conscious decision to delay the payment of a *valid* claim, on the other hand, acts both unreasonably and in bad faith." Rudisill v. Cont'l Ins. Co., No. CIV. A. 00-CV-1603, 2001 WL 1167498, at *3 (E.D. Pa. Sept. 13, 2001)(emphasis added). State Farm's letter, attached as Exhibit "E", is an explicit admission that it is delaying the payment of all claims submitted by the Medical Party Plaintiffs until after the lawsuit it filed on October 30, 2015 is decided. If State Farm fails to meet its burden of proof and Plaintiffs' claims are deemed

by the Court to be valid, State Farm will, by definition, have both unreasonably and bad faith.

The evidence demonstrates, in fact State Farm admits, that it decided in October of 2015 to deny all bills received from the Medical Party Plaintiffs thereafter, regardless of the treatment provided or injuries suffered by its insureds. State Farm's own letters denying payment state that it would *not even process* the bills of the Medical Parties until after the litigation it had filed was concluded. Denying bills for treatment *before they are even received* based on a *prediction* of what the bills will reflect and that the Court will someday in the future decide these unseen bills to reflect unreasonable and unnecessary treatment is the very definition of "wantonness". [1]

"Wanton misconduct means that 'the actor has intentionally done an act of an unreasonable character." <u>Weiley v. Albert Einstein Med. Ctr</u>., 2012 PA Super 106 (Pa. Super. Ct. 2012). State Farm's own motion admits that it acted "wantonly" if it "lacked a reasonable basis for denying [Plaintiffs'] bills". (<u>See</u> State Farm's Motion, pg.1). It is not reasonable, by any stretch of imagination, to decide <u>before it was even rendered and billed</u> that payment for treatment would be denied. Further, if Plaintiffs' treatment is determined by the Court to have been reasonable and necessary and thus valid under the MVFRL, State Farm will have lost its gamble and must face the consequences of losing.

State Farm's own testimony and documents create, at the very least, a genuine issue of material fact as to whether State Farm decided in advance to deny the bills of the Medical Party plaintiffs then did so without any consideration of the actual treatment provided or injuries suffered by the patients.

---

[1] It is also the very definition of arrogance. State Farm filed a lawsuit which acknowledges that only the Court can decide whether State Farm's accusations are a legitimate basis to deny payment of the Medical Parties' bills, but then just went ahead and denied the bills anyway. State Farm can afford to flout the law so brazenly, of course, because it knows that if proven wrong at trial, at worst it faces treble damages amounting to a sum which is obviously meaningless to its massive bottom line. But by withholding payment during the litigation, State Farm applies financial pressure which it hopes will prevent the Medical Parties from being able to afford to make it to trial such that State Farm will never even have to prove its case in the first place.

The evidence relied upon to demonstrate State Farm's wantonness of course includes the documents and transcripts referred to in the discovery responses of the Medical Party Plaintiffs. The contents of these documents, which the Medical Party Plaintiffs only know about through counsel's description, outline the full flavor of State Farm's strategy to use mere accusations of fraud to drive down claim payments. However, Mr. Costanzo's testimony as State Farm's corporate designee and State Farm's letters admitting the strategy demonstrate in and of themselves that State Farm's Motion for Partial Summary Judgment is without merit.

## II.    **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that State Farm's Motion for Partial Summary Judgment be Denied.

BARATTA, RUSSELL & BARATTA

By: _____APB2_____
ANDREW P. BARATTA, ESQUIRE
Attorney for the Medical Party Plaintiffs
Attorney I.D. #82250
3500 Reading Way
Huntingdon Valley, PA   19006
(215) 914-2222

Date: 2/22/18