**EXHIBIT "A"**

**BARATTA, RUSSELL & BARATTA**
**By:    Andrew P. Baratta, Esq.**
Attorney I.D. Nos. 82250
The Loft at Woodmont
3500 Reading Way
Huntingdon Valley, PA   19006
215-914-2222

*Filed and Attested by the Office of Judicial Records 26 FEB 2016 12:05 pm K. EDWARDS*

Attorneys for Plaintiff

| | |
|---|---|
| EASTERN APPROACH REHABILITATION, LLC. | : |
| And | : |
| AQUATIC THERAPY OF CHINATOWN, INC. | :    PHILADELPHIA COURT |
| | :    OF COMMON PLEAS |
| v. | : |
| | :    NO.: |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY | : |
| And | : |
| CRAIG DALFARRA | : |
| And | : |
| JOHN CONSTANZO | : |

## CIVIL ACTION - COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP.] THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
215-238-1701

demanda ynotificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o prop edad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, PA 19107
215-238-1701

### AVISO

Le ban demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a patir de recibir esta

**BARATTA, RUSSELL & BARATTA**
**By:    Andrew P. Baratta, Esq.**
**Attorney I.D. Nos. 82250**
**3500 Reading Way**
**Huntingdon Valley, PA   19006**
**215-914-2222**                                    **Attorneys for Plaintiff**

EASTERN APPROACH REHABILITATION, LLC:
And                                                          PHILADELPHIA COURT OF
AQUATIC THERAPY OF CHINATOWN, INC.   :        COMMON PLEAS

v.
STATE FARM MUTUAL AUTOMOBILE        :        NO.:
INSURANCE COMPANY
And
CRAIG DALFARRA                              :
And
JOHN COSTANZO
_____:

## CIVIL ACTION COMPLAINT

1. Plaintiff, Eastern Approach Rehabilitation, LLC is a Pennsylvania corporation with a

   business address of 10125 Verree Rd., Suite 100, Philadelphia, Pa. 19116.

2. Plaintiff, Aquatic Therapy of Chinatown, Inc. is a Pennsylvania corporation with a

   business address of 933 Spring St., Philadelphia, Pa. 19107.

3. Defendant, State Farm Mutual Automobile Insurance Company is upon information and

   belief a corporation existing under the laws of Illinois, duly organized and licensed to

   engage in the writing of automobile insurance policies in the Commonwealth of

   Pennsylvania, with a principle place of business at 1 State Farm Drive, Concordville, Pa.

   19339-0001.

4. Defendant, Craig Dalfarra, is upon information and belief a Pennsylvania resident with a

   business address of 1 State Farm Drive, Concordville, Pa. 19339-0001.

5. Defendant, John Costanzo, is upon information and belief a Pennsylvania resident with a

business address of 1 State Farm Drive, Concordville, Pa. 19339-0001.

6.  Plaintiffs are rehabilitation, chiropractic and physical therapy centers which provide reasonable and necessary and quality care to patients, some of whom have been injured in automobile accidents and who are insured by State Farm.

7.  Beginning in 1986 and continuing through the present, State Farm has crafted and honed a business strategy of attacking and undermining the credibility of doctors who treat auto accident patients.

8.  As the result of a several year consultation with McKinsey & Company, State Farm developed protocols for using its Special Investigation Units ("SIU") to identify doctors to be targeted with this strategy.

9.  A targeted doctor or medical practice is deemed a "project" by the Special Investigation Unit of State Farm.

10. State Farm's Pennsylvania SIU operation, located in Concordville, Pennsylvania, has been dominated over the past 15 years by just a few overzealous operatives who view medical provider projects as the means by which they can earn personal advancement within the hierarchy of State Farm.

11. These Concordville SIU personnel created and maintained a written "enemies list" which identified all medical providers who were an active project and/or a possible project.

12. This written enemies list was given to every SIU claim processor in Concordville who would check incoming claim files against the list to see if the claim could be used by the SIU in furtherance of a project.

13. At some point over the past decade, Plaintiffs were identified on the enemies list as a "project".

14. The name of the project was "Eastern Approach" and the lead MCIU representative assigned was John Costanzo. Another SIU representative named Fred Gerstenfield was also assigned to assist on the project.

15. The law firm assigned to the project was Goldberg, Miller & Rubin, whose lawyers for the past several years have acted as investigators seeking information to further the project.

16. Since being placed on State Farm's enemies list, State Farm has funneled as many claims as possible in which Plaintiffs were a treating facility to Costanzo and Gerstenfield and Goldberg, Miller & Rubin.

17. One of the goals of a project is to manufacture an excuse to deny any and all payments to a targeted medical provider, as well as intimidate other medical providers throughout the region into providing less care lest they find themselves on State Farm's enemies list.

18. On or about October 30, 2015, after years of targeting plaintiffs with its project protocols, State Farm began denying all bills submitted by Plaintiffs for treatment of State Farm insureds who had been injured in auto accidents.

19. State Farm's blanket denial of bills without consideration of the treatment actually rendered or the injuries suffered is in direct violation of Pennsylvania's Motor Vehicle Financial responsibility Law.

20. The MVFRL, specifically 75 Pa.C.S. §1701, et. seq., requires automobile insurers to provide coverage for reasonable and necessary medical treatment and rehabilitative services.

21. So long as treatment is reasonable and necessary, an insurer is legally obligated to pay for said treatment up to the coverage limits of the policy.

22. The MVFRL provides the mechanism by which an insurer may challenge the reasonableness and necessity of an insured's medical treatment.

23. An insurer may submit an insured's medical bill to a peer review organization ("PRO") for the purpose of confirming that such treatment conforms to the professional standards of performance and is medically necessary.

24. An insurer may withhold payment of an insured's medical bills while the peer review is occurring.

25. If a PRO determines that medical treatment was medically necessary, the insurer must pay to the provider any outstanding amount owed plus interest at 12% per year.

26. If a PRO determines that a provider has provided unnecessary medical treatment or that future provision of such treatment will be unnecessary, the provider may not collect payment for the treatment deemed medically unnecessary.

27. However, upon challenge of the insurance company's denial of payment on the basis of a peer review, if the court determines that treatment was in fact medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12%, as well as the costs of the challenge and all attorney fees.

28. In a case where the court finds that the treatment at issue was medically necessary, an insurer who has engaged in conduct considered to be wanton shall be subject to payment of treble damages to the medical provider who has successfully challenged the insurer's denial of payment.

29. Since October 30, 2015, State Farm has not sought a single peer review of treatment provided by Plaintiffs.

30. Since October 30, 2015, State Farm has not even reviewed the treatment records of

patients treated by Plaintiffs which support the bills submitted by Plaintiffs.

31. State Farm simply decided after October 30, 2015 to deny all of Plaintiffs' bills, regardless of the treatment rendered and regardless of the injury suffered by the patients.

32. In fact, State Farm stopped on October 30, 2015 paying for treatment of patients whose treatment State Farm had been paying for without question or peer review prior to that date.

33. All of the treatment provided by Plaintiffs to State Farm insureds has been at all times entirely reasonable and necessary.

34. State Farm has denied Plaintiffs' bills as part of its larger business strategy of attacking doctors who treat auto accident patients as a means to drive down claim expenses and as part of its "Eastern Approach Project".

35. Attached as Exhibits "A" and "B" are the lists of State Farm insureds who have received treatment from Plaintiffs of injuries sustained in automobile accidents.

36. The lists contain the initials of the patient, the date of the accident, the State Farm claim number assigned, the treating facility, and the outstanding balance owed for treatment to date.

37. The number of patients whose bills have been wrongfully denied by State Farm is expected to increase as State Farm clearly intends to continue its illegal scheme of denying all payments to Plaintiffs regardless of the treatment rendered or the injuries suffered.

38. The amount owed to Plaintiffs by State Farm is also expected to increase.

39. In furtherance of State Farm's strategy of using false accusations to undermine doctors who treat auto accident patients, certain State Farm employees have taken it upon

Case ID: 160204012

themselves since October 30, 2015 to contact attorneys for patients treating with Plaintiffs in an effort to intimidate them into treating elsewhere.

40. On or about January 8, 2016, Defendant Craig Dalfarra, a Pennsylvania SIU representative, contacted the attorney for patients L.K. and E.K., who are State Farm insureds and whose assigned claim number is 387P22850.

41. L.K. and E.K. were receiving treatment with Eastern Approach Rehabilitation, LLC for injuries sustained in a motor vehicle accident which occurred on November 25, 2015.

42. Mr. Dalfarra advised the attorney for these patients that their treatment at Eastern Approach would not be paid by State Farm because of allegations State Farm had made against Eastern Approach before the crash involving the attorney's clients had even occurred.

43. Defendant Costanzo made similar representations to counsel for patient D.G., assigned State Farm claim number 387L58770, who was injured in an auto accident on November 6, 2015.

44. Upon information and belief, other members of State Farm's SIU department in Concordville have made similar representations to attorneys for other patients of Plaintiffs who are insured with State Farm.

## COUNT I
## PLAINTIFFS V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
## <u>VIOLATION OF THE MVFRL</u>

45. Plaintiffs incorporate by reference all preceding paragraphs.

46. State Farm has wantonly violated Pennsylvania's Motor Vehicle Financial responsibility Law, 75 Pa.C.S. §1701, et. seq. ("MVFRL").

47. State Farm has no reasonable basis for its denial of bills for treatment and services rendered by Plaintiffs to the patients listed on Exhibit "A".

48. The outstanding total balance owed to date by State Farm for treatment and services provided to the patients listed on Exhibit "A" is $64,657.00.

49. By virtue of State Farm's violation of the Pennsylvania Motor Vehicle Financial Responsibility Law, State Farm must pay the outstanding amount owed for each patient, plus 12% interest, and all attorney fees incurred in order to obtain payment.

50. Because of its wanton, unreasonable, and deliberate refusal to pay for the treatment rendered, State Farm must also pay treble damages.

WHEREFORE, Plaintiffs hereby demands judgment in their favor for $64,657.00, plus 12% interest, all attorney's fees and costs, and treble damages.

### COUNT II
### PLAINTIFFS V. CRAIG DALFARRA & JOHN COSTANZO
### TORTIOUS INTERFERENCE WITH EXISTING ECONOMIC RELATIONS

51. All preceding paragraphs are incorporated herein by reference.

52. Plaintiffs have a contractual relationship with their patients who are insured by State Farm.

53. The patients agree to allow their treatment to be paid by State Farm or, if State Farm refuses to pay, to pay for the treatment themselves.

54. By contacting the attorneys of patients treating with Plaintiffs for injuries sustained in motor vehicle accidents which occurred after October 30, 2015, Defendants Dalfarra and Costanzo (and other State Farm SIU representatives whose identities will be revealed by discovery) intentionally and unlawfully interfered with the economic relationship between Plaintiffs and their patients.

55. Defendants Dalfarra, Costanzo, and other Concordville SIU employees who work closely with them on medical provider projects, have a personal stake in the success of the medical projects, as promotions, bonuses, and salary increases are often determined by said success.

56. Defendants Dalfarra, Costanzo, and their Concordville SIU colleagues view achieving success in medical provider projects as the means by which they distinguish themselves as valuable employees within State Farm's corporate hierarchy.

57. It is not enough for these individuals that State Farm stopped paying for any and all treatment rendered by Plaintiffs as of October 30, 2015, as they have since that date contacted numerous patients and their attorneys in an effort to convince them to seek treatment elsewhere.

58. Defendants Dalfarra, Costanzo (and other individual SIU employees who will be revealed by discovery) acted outside the scope of their employment by actively encouraging their insureds to receive treatment from any facility other than Plaintiffs'.

59. Defendants Dalfarra, Costanzo (and other individual SIU employees who will be revealed by discovery) look for ways to exert extra financial pressure on targeted medical providers as a means to ensure the success of their projects, which is the ticket to their personal advancement within State Farm.

60. Mr. Dalfarra's contacts with the attorney for patients K.L. and E.L. caused K.L. and E.L. to end their relationship with Plaintiffs and seek treatment elsewhere for the injuries suffered in the crash of November 25, 2015.

61. Upon information and belief, discovery will reveal additional patients who have ended or avoided altogether treatment with Plaintiffs as the result of similar contacts by

Case ID: 160204012

Defendants Dalfarra, Costanzo, and other members of the Concordville SIU who have worked on the "Eastern Approach Project."

62. There is no privilege for the conduct Defendants Dalfarra and Costanzo, which motivated solely by their desire for personal economic and professional gain.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and demand all damages available under Pennsylvania law.

<div style="margin-left:40%">

Respectfully submitted,
BARATTA, RUSSELL & BARATTA


By: _____
ANDREW P. BARATTA, ESQUIRE
Attorney for Plaintiffs
Attorney I.D. #82250
3500 Reading Way
Huntingdon Valley, PA   19006
(215) 914-2222

</div>

## VERIFICATION

I, Leonard Stavropolskiy, individually and as authorized representative of Eastern Approach Rehabilitation LLC and Aquatic Therapy of Chinatown, Inc., hereby verify that the information contained in the foregoing is based on first-hand information and on information furnished to counsel and obtained by counsel in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

LEONARD STAVROPOLSKIY, DC, PT

# EXHIBIT "A"

Case ID: 160204012

| Patient name | DOA | CLAIM NUMBER | FACILITY | Outstanding Balance |
|---|---|---|---|---|
| V.U. | 06/14/2015 | 386522139 | Eastern Approach | $2,467.50 |
| O.U. | 06/14/2015 | 386522139 | Eastern Approach | $4,474.50 |
| I.U. | 06/14/2015 | 386522139 | Eastern Approach | $2,152.50 |
| J.B. | 07/15/2015 | 386W04758 | Eastern Approach | $1,812.50 |
| S.L. | 37709W598 | Eastern Approach | $4,030.00 |
| I.L. | 12/19/2015 (2nd accident) | 387534995 | Eastern Approach | $855.00 |
| A.T. | 07/29/2015 | 387D67846 | Eastern Approach | $3,087.50 |
| S.M. | 06/7/2014 | 384M19865 | Eastern Approach | $2,767.50 |
| I.V. | 09/11/2015 | 387F91249 | Eastern Approach | $8,317.50+ EMG Test $1,600.00 |
| N.B. | 09/14/2015 | 387D30759 | Eastern Approach | $4,715.00 |
| D.G. | 11/05/2015 | 387L58770 | Eastern Approach | $7,150.00 |
| L.K. | 11/25/2015 | 387P22850 | Eastern Approach | $2,917.50 |
| E.K. | 11/25/2015 | 387P22850 | Eastern Approach | $4,127.50 |
| D. | 12/19/2015 | 387534995 | Eastern Approach | $1,730.00 |
| M.B. | 11/19/2015 | 387Q70512 | Eastern Approach | $5,065.00 |

EX. A

Case ID: 160204012

# EXHIBIT "B"

Case ID: 160204012

| Patient name | Date of Accident | Claim number | FACILITY | Outstanding balance |
|---|---|---|---|---|
| J.L. | 10/15/2015 | 387K71240 | Aquatic Therapy | $1,322.50 |
| V.K. | 10/10/2015 | 387H47277 | Aquatic Therapy | $3,912.50 |
| A.D. | 01/21/2014 | 384Q37418 | Aquatic Therapy | $2,152.50 |

EX. B

Case ID: 160204012