# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et. al.** : | **CIVIL ACTION** No. 2:15-cv-05929 |
| v. : | **JURY TRIAL DEMANDED** |
| **LEONARD STAVROPOLSKIY, P.T., D.C., et. al.** : | |

## ORDER

**AND NOW**, this ____ day of _____, 2019, upon consideration of Plaintiffs' Motion *in Limine* to Preclude Evidence of Physical Therapy Practice, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion in **GRANTED** and Defendants are precluded from offering evidence regarding the characteristics and/or quality of their physical therapy practice at trial.

_____
The Honorable J. Curtis Joyner

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et. al. | : : : | CIVIL ACTION No. 2:15-cv-05929 |
| v. | : : | JURY TRIAL |
| LEONARD STAVROPOLSKIY, P.T., D.C., et. al. | : : : | DEMANDED |
| EASTERN APPROACH REHABILITATION, LLC, et. al. | : : : | CIVIL ACTION No. 2:16-cv-01374 |
| v. | : : | JURY TRIAL |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : : : : | DEMANDED |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PHYSICAL THERAPY PRACTICE**

Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, by and through their attorneys, Goldberg, Miller & Rubin, P.C., hereby reply to Defendants' Response to Plaintiffs' "Motion in Limine to Preclude Evidence of Physical Therapy Practice" (Doc. 151) as follows:

I. **REPLY**

In their Response, Defendants claim that "there is not a single aspect of the doctors' physical practice which was withheld from or unknown to State Farm at any point in this litigation." This is untrue. Other than Defendants' self-serving testimony regarding the size and quality of their physical therapy practice, the only information Defendants disclosed during discovery was a list of doctors who purportedly referred patients to Defendants' physical therapy practice and a spreadsheet of billing information indicating which patients received physical

1

therapy, and which received chiropractic treatment. In sum, Plaintiffs know that Defendants have a physical therapy practice, they know that certain doctors refer patients to this practice, and they know that patients purportedly treated at this practice. Apart from this cursory information, Plaintiffs know very little about Defendants' physical therapy practice. This is because Defendants deliberately withheld any information which would have enabled Plaintiffs to explore this practice in any meaningful way (e.g. the types of services provided, the manner in which Defendants documented the services, the extent to which Defendants tailored the services to their patients' needs, etc).

At any rate, Defendants continued efforts to bolster their credibility by referencing their physical therapy practice are problematic for at least two reasons:

First, Defendants' physical therapy practice is simply not at issue in this case. Although Defendants often conflate their physical therapy practice and their chiropractic practice in an effort to deflect attention away from the "personal injury" aspect of their practice, the fact is that Defendants' physical therapy practice is completely separate from their chiropractic practice. Since *all* of the treatment at issue in this case pertains to Defendants' chiropractic practice (which caters almost exclusively to "personal injury" patients and accounts for more than half of Defendants' revenue), evidence of Defendants' unrelated physical therapy practice is not relevant.

Second, the fact that Defendants represented during discovery that they would not place their physical therapy practice at issue, then produced expert reports touting the alleged high quality of their practice, is fundamentally unfair. See Doc. 93 (outlining Defendants' representations and the applicable procedural history regarding Plaintiffs' request for physical therapy charts).[1] Had Plaintiffs had a reasonable opportunity to review Defendants' physical

---

[1] Defendants suggest that Plaintiffs did not ask for physical therapy records until after discovery expired. This is untrue. As explained in Plaintiffs' Motion to Compel Patient Charts (Doc. 93), Plaintiffs asked Defendants to produce

2

therapy records, they might have been able to uncover relevant and admissible evidence. For example, Plaintiffs might have discovered that Defendants actually provide high quality physical therapy services. In that case, Plaintiffs would have been able to show that Defendants' physical therapy stands in stark contrast with the fabricated chiropractic treatment at issue in this case. If, on the other hand, Plaintiffs discovered that Defendants' physical therapy records exhibit the same patterns of fraud present in their chiropractic records, Plaintiffs could have easily impeached Defendants' credibility and undermined their claims regarding the quality of their physical therapy practice. Since Defendants denied Plaintiffs the opportunity to examine the physical therapy records, Defendants should not be permitted to reference these records at trial and imply that they somehow exonerate them of fraud.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter the attached Order granting Plaintiffs' Motion *in Limine*.

Respectfully submitted,

***GOLDBERG, MILLER & RUBIN, P.C.***

By:     /s/
RICHARD M. CASTAGNA, ESQUIRE
WARREN HOLLAND, ESQUIRE
Attorneys for Plaintiffs

DATED: April 12, 2019

---

their physical therapy charts long before discovery expired. It was only after Defendants represented they would not place their physical therapy practice at issue that Plaintiffs decided not to pursue the discovery. However, after Defendants reopened the door to this discovery by touting their physical therapy practice in their expert reports, Plaintiffs renewed their request during expert discovery and moved to compel these records (Doc. 93). This Court denied Plaintiffs' request without opinion. (Doc. 99).